(49 South. 483.)

No. 17,099.

STANDARD MARINE INS. CO., LIMITED,
OF LIVERPOOL, ENGLAND, v.
BOARD OF ASSESSORS
et al.

(April 26, 1909.· Rehearing Denied May 24,
1909.)

1. TAXATION (§ 74*)—CREDITS—"PROPERTY."

Outstanding accounts are rather a common variety of credits. They are recognized, in law and in practice, as "property," and, so long as they have their situs here, are liable to taxation here.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 159; Dec. Dig. § 74.*

For other definitions, see Words and Phrases, vol. 6, pp. 5693–5728; vol. 8, pp. 7768–7770.]

2. TAXATION (§ 483*)—APPLICATION TO REDUCE ASSESSMENT—"REDUCE."

The proposition that an application that an assessment should be "wiped out" and should be "reduced to nothing" is an application to "reduce" an assessment, within the meaning of the law, is untenable. In the one case, the applicant denies the existence of property liable to taxation; in the other, he admits the existence of such property and complains of its overvaluation.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 483.*

For other definitions, see Words and Phrases, vol. 7, p. 6025.]

(Syllabus by the Court.)

Appeal from Civil District ·Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by the Standard Marine Insurance Company, Limited, of Liverpool, England, against the Board of Assessors and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Farrar, Jonas, Kruttschnitt & Goldberg, for appellant. Francis Charles Zacharie (Harry Prentiss Sneed, of counsel), for appellee State Tax Collector. George Hinckley Terriberry, for appellee Board of Assessors. Henry Garland Dupré, Asst. City Atty., for appellee city of New Orleans.

Statement of the Case.

MONROE, J. Plaintiff alleges: That in 1906 it made its returns to the board of as-sessors, showing that it had no property liable to assessment; that the board, neverthe-. less, assessed it on:

Money at interest, all credits, etc.. . .$33,000 00
Money in possession. . . . . . . . . . . . .  3,000 00
                                            $36,000 00

That in due time it applied to the board for reduction of said assessment, complaining that it had no money at interest and no credits and no money in possession in this state, "but that the board declined to reduce the assessment. That it thereafter appealed to the board of revision of the city council, and asked it to "wipe out and reduce" the said assessment, and was equally unsuccessful; and it therefore now appeals to the courts. It further alleges that the rate of taxation is 28 mills, and that it will be compelled to pay $1,008 if the assessment stands as it is. Wherefore it prays that the board of assessors, the city of New Orleans, and the state tax collector be cited, and that it' have judgment decreeing that said assessment be reduced to nothing, etc.

The parties made defendant in effect affirm the correctness of the assessment.

The evidence shows that plaintiff is a British marine insurance company, having a local agent and doing business in New Orleans. Application is made to the local agent, who issues the policies here, and they are paid for in cash, or on presentation of monthly bills rendered by the local office. The company has thus at all times capital in this state, used in the conduct of its business, in the shape of cash on hand and uncollected bills.

Opinion.

Counsel for plaintiff say in their brief (referring to the judgment appealed from, which rejected plaintiff's demand):

"We shall not quarrel with that part of the court's judgment which dismisses our suit for reduction in the item of money in possession. It may fairly be concluded that $3,000 was the average deposit of the company. But we

most strenuously submit that there was no legal grounds for any assessment on 'money at interest, all credits, etc.'"

### On this point the judge said:

"It had no money at interest; but it had credits outstanding averaging more than the assessment complained of. Its business was done on the basis of bills rendered monthly to its customers. * * * There were in existence, on January 1, 1906, the date when the assessment was made, outstanding accounts for only $4,360.46. The January contracts, which were collected in February, amounted to $7,043.79, and the February contracts, which were collected in March, amounted to $5,500.65," etc.

The counsel argue that these credits were not taxable because (they say):

"Credits, within the meaning of the law, are obligations which represent taxable things which have changed their form, such as notes or open accounts for money loaned or property purchased."

They further argue that, if the credits in question were liable to taxation, they—

"could only be taxed on such accounts as were in existence at the time the assessment was made."

### And, finally, they say:

"If the court should disagree with us as to the taxability of these monthly accounts, and conclude that those in existence when the assessment was made were alone liable to assessment, then we are entitled to have the judgment below reversed, and to have our assessment of $36,000 in the aggregate reduced to an aggregate of $7,360.46, and the judgment against us for attorney's fees rejected entirely."

Plaintiff has not, from the beginning, proceeded upon the theory that an error has been committed in the valuation of any property owned by it which was liable to assessment. It stated in its sworn return to the board of assessors and reiterated in its application to that board and to the board of revision, that it had no money at interest or in possession, or credits liable to taxation; and the prayer of the petition filed in this suit is that it have—

"judgment declaring that the said assessments against your petitioner of money at interest and all credits, of $33,000, and money in possession, of $3,000, should be reduced to nothing, and your petitioner declared not liable for any taxes on said assessments."

Plaintiff, through its counsel, now admits (that which it would be impossible, in the face of the evidence, oral and documentary, to deny) that it had "money in possession" liable to assessment, and that "it may fairly be concluded that $3,000 was the average amount." It also admits that it had credits, but "most strenuously" insists that they were of a variety not liable to taxation, and, though it concedes that the "average amount or value was $4,360.46, its learned counsel argues that for some reason, not explained, the average of credits, unlike the average of money in possession, is not to be taken as the basis of the assessment (if it be found that the credits are assessable at all), but that the credits which alone could legally have been assessed for the year 1906 were those which existed on January 1, 1906, when the assessment was made. Outstanding, uncollected accounts, it seems to us, are rather a common variety of credits. They figure conspicuously in the active mass upon schedules in bankruptcy and inventories of the estates of merchants, they may be utilized for the compensation of debts and seized under execution, and they are generally recognized, in law and in practice, as property, and, that being the case, so long as they have their situs in Louisiana, are liable to taxation here, and are included in the assessment of "all credits, etc." Upon the question of the amount or value of such credits, for which plaintiff should have been assessed, we do not find that plaintiff is before the court; no such question having been presented to the board of assessors or the board of revision, and it being a condition precedent to an appeal to the courts for the reduction of an assessment that a timely appeal should previously have been made to those authorities. The proposition that an application to the boards to "wipe out and

reduce to nothing" an assessment as made, and to the court for the reduction of such assessment "to nothing," is an application to "reduce" an assessment, within the meaning of the law, is untenable. In the one case, the application denies the existence of property liable to taxation; in the other, it admits the existence of such property and complains of its overvaluation.

Judgment affirmed.