PROYOSTY, J.
This court has frequently had occasion to announce that:
“A reduction of assessment cannot be decreed in a suit which is distinctly and exclusively for cancellation.” Insurance Co. v. Board, 122 La. 98, 47 South. 415.
One of the questions in the present case being whether plaintiff’s petition, is such that a reduction may be granted upon it, we give the petition in full:
“To the,” etc.
-“The petition of,” etc., shows:
“That the board of assessors for the parish of Orleans, in making up the assessment rolls for the year 1908. assessed your petitioner under the heading of ‘Money loaned on interest, all credits and all bills receivable for -money loaned or advanced or for goods sold,’ in the sum of $72,295. That subsequently, on or about the 20th of March, 1908, the tax rolls having been opened for inspection as provided by law, your petitioner, through its agent, protested to the said board of assessors against the aforesaid assessment, and said board disregarded said protest and persisted in said assessment.
“That on or about the Sth day of April, 1908, said assessment rolls having been by the board of assessors placed in the hands of the assessment committee of the city council for revision as provided by law, said committee acting as a •board of reviewers, your petitioner, through its aforesaid agent, appeared before the said committee and protested against the aforesaid assessment and asked relief therefrom, but his protest was disregarded, and the assessment made by the board of assessors approved.
“Your petitioner shows in the aforesaid particulars and in all other respects it has complied with all the formalities and requirements of law, and that the aforesaid assessment of $72,295,. on ‘Money loaned at interest, all credits, and all' bills receivable for money loaned or advanced- or for goods sold,’ is now final and conclusive unless set aside by the court as provided by the Constitution and laws of Louisiana, that taxes thereon at the rate of 22 mills for city purposes, amounting to $1,590.49, have been demanded of petitioner by the city of New Orleans and state and levee taxes under the said assessment at the rate of six mills, amounting to-$433.77, will shortly be due and claimed and payment of both and city and state taxes undelsaid assessment will be enforced by all means-provided by law, unless restrained by this court.
“Petitioner shows that it has not now, and had not during the year 1907, in the state of Louisiana or the city of New Orleans, any property falling within the description of ‘Money loaned on interest, all credits and all bills receivable for money loaned, or advanced or goods, sold’; that no money has ever been loaned by petitioner on interest in the state of Louisiana, nor was loaned during the year 1907, nor credits created, nor had petitioner any bills receivable for money loaned or advanced or for goods ’sold ; and that your petitioner had not at the time-' of the aforesaid assessment, nor during the year 1907, any officers or agents in the state of Louisiana, except with limited power, and no one authorized to loan money on interest, accept bills receivable therefor, nor create credits.
“Petitioner shows that the aforesaid assessment against petitioner is illegal, unconstitutional, and void; that John Fitzpatrick, 'state tax collector for the city of New Orleans, and the city of New Orleans, profess that the said assessment is valid and propose to proceed against petitioner and undertake to seize and sell its property for the purpose of enforcing-payment of the aforesaid taxes claimed to be due the city and state, and the collection, seizure, and sale will constitute a taking of petitioner’s property without due process of the-law and will deprive petitioner of its property without due process of law and deny it the-equal protection of the laws, in contravention of section 1 of the fourteenth amendment of the Constitution of the United States, and petitioner-will be powerless to prevent said illegal measures unless protected by this court.
“Wherefore, petitioner prays that the board' of assessors for the parish of Orleans, John Fitzpatrick, state tax collector for the city of New Orleans, and the city of New Orleans, through its mayor, Martin Behrman, be cited to-appear and answer this petition, and for judgment in due course in favor of petitioner and against each of said defendants, ordering and! *979 decreeing that the assessment made against petitioner for the year 1908 of $72,295 on ‘Money loaned on interest, all credits and all bills receivable for money loaned or advanced or for goods sold’ is unconstitutional, illegal, null, and void; that the defendant board of assessors be ordered to cancel the same; and that the said John Fitzpatrick, state tax collector for the city of New Orleans, and the city of New Orleans, be perpetually restrained and enjoined from claiming taxes thereon from your petitioner, or from attempting in any manner to claim or collect said taxes or enforce the payment thereof; and your petitioner further prays for such other and further relief as may be just and equitable.”
On the trial the following proof was made without objection:
That on the assessment blank required by law to be furnished to the taxpayer on which to make a return to the board of assessors of his taxable property, plaintiff made the following return:
"No. 4. ‘Money Loaned on Interest, All Credits and All Bills Receivable for Money Loaned or Advanced for Goods Sold.’
“The company has no money loaned on interest, no credits, no bills receivable for money loaned or advanced for goods sold, and nothing taxable in Louisiana under this heading of description. The company has made partial and advance settlements to its policy holders pursuant to stipulations of its policies and contracts of sums already earned on its policies, which are nothing more than crediting the company in its final settlement of the policies with the amounts so paid in advance to itá policy holders, and at the same time securing; to the company right to make this compensation. It has also extended the time for payment of premiums, received notes simply evidencing said postponement, which are not taxable credits and which are moreover situated in New York. Subject to the above and without any admission or consent, but, on the contrary, reiterating that this company cannot be assessed and taxed thereon in this state, the company says that amount of postponed premiums represented by premium notes is $17,722.89, and the amount of advanced payments to policy holders as above stated is $10,2SC.67.”
Also, that when the board of assessors fixed the assessment at $72,295, instead of adopting the figures of the return, the plaintiff filed a protest before said board, insisting that said property was not taxable in this state, because not situated here, and that a part was not taxable because it was not property at all but merely payments in advance on the policies, and insisting further that at all events the said estimate of $72,295 was excessive and should be reduced as stated in the return.
Also, that plaintiff filed a similar protest before the assessment committee of the city council or board of reviewers.
Also, that the amounts stated in the return of plaintiff were correct.
While the plaintiff still insists that the $17,722.84 shown by the return is not taxable in this state, because not situated in this state, it recognizes that the numerous recent decisions of this court holding such credits to be taxable have made that point a closed chapter before this court.
The $10,280.07, shown by the return, is represented by notes of which the following is the form:
Policy Loan Note.
The Fidelity Mutual Life Insurance Company L. G. Fouse, President
Head Office: Fidelity Building, Philadelphia, Pá. $...... ......190 — .
......have this day received from the Fidelity Mutual Life Insurance Company the sum of ......dollars, as a loan on policy No......., for $......, issued......by the said company on the life of ......hereby promise to pay to the Fidelity Mutual Life Insurance Company, at its head office in the city of Philadelphia, Pa., the said sum - of ...... dollars, with interest thereon from ...... until paid, at the rate of ......per cent, per annum, to be paid annually in advance on the anniversary of said policy. With this note is delivered to the company said policy No......., and it is hereby agreed that this note shall be a first lien against the same.
It is further agreed that if interest on this note on any premium on said policy be not paid when due, said policy shall be ipso facto null and void, and all liability of the said company by reason of same shall thereupon cease and determine. Said company is thereupon authorized, without notice to the undersigned, to ascertain the cash value of said policy, according to its rules for the purchase of policies, and to apply the same, first to the payment of this note and any interest or costs that may be due hereon; second in the payment of any unpaid premiums note or other obligation; third to the payment of any other indebtedness of the maker or makers'hereof to said company. .The residue of said cash value, if any, shall then be applied by said company (at its option) to the pur *981 chase of non-participating paid up or extended insurance (payable as the said policy is payable) for such sum or for such period of time as the said residue will purchase at the then age of the assured, or said company may, at its option, pay said residue to the member in cash, which shall be in lieu of all other benefits.
It is further expressly agreed that if the said policy be surrendered all the values mentioned therein shall be reduced or diminished in the ratio that the amount of this note and all other loans or indebtedness on said policy bears to the total cash value thereof, any law or statute to the contrary notwithstanding.
............ [L. S.] Insured.
............ [L. SJ Beneficiary.
............ [L. S.]
Signed, sealed and delivered in presence of us :
This note is made to mature when the policy matures, and the testimony shows that the amount of such loans, in capital and interest, never equals the amount payable to the maker of the note under his iiolicy; so that he never becomes a debtor on the note, without at the same time the company becoming his debtor for a larger amount. Under these circumstances, the so-called “loan” is, as contended by the plaintiff, nothing more than an advance payment on the policy; and, moreover, the express testimony shows that that is what it is intended to be. As to this $10,286.07, then, the case is similar to that of New York Life Insurance Company v. Board of Assessors (C. C.) 158 Fed. 462, recently affirmed by the Supreme Court of the United States (30 Sup. Ct. 385, 54 L. Ed. ——), wherein it was held that these loans were not loans, or credits, but mere advance payments. The assessment must therefore be annulled in so far as it is based on these so-called “loans.”
Plaintiff insists that, while there is no express prayer for reduction, yet that the suit is in effect for reduction as well as for cancellation, on the principle of the greater including the less; and that in view of the very full prayer for general relief, and of the evidence admitted without objection, the said relief may be granted even though not expressly prayed for. Plaintiff’s learned counsel review extensively the cases wherein this court has heretofore granted relief under similar circumstances.
The presentation thus made is very strong. Nevertheless, this court does not feel justified in departing from the well-established rule in these tax suits, and will have to hold that the relief of reduction cannot be extended upon the petition as it now stands, which is “distinctly for cancellation, and not for reduction.” Travelers’ Insurance Company v. Board, 122 La. 136, 47 South. 439; Standard Marine Ins. Co. v. Board, 123 La. 717, 49 South. 483.
This case, however, does present the feature, absent from all the others, that by having made due and proper return to the board of assessors, and duly and properly asked a reduction both before that board and before the board of reviewers, the plaintiff company was in a position to have coupled an alternative suit for reduction with its suit for cancellation, and since the case has to be remanded we will, in the interest of justice, allow plaintiff to make an amendment to that effect, so that the case may be tried on the question of reduction as well as on that of cancellation. •
The reason why the case must be remanded is that we find ourselves unable to frame a decree in the present condition of the record. The trouble lies in the impossibility for this court to know what deduction is to be made from the $72,295 on account of the nontaxable advanced payments which have been assessed in globo with the taxable notes for postponed premiums. The assessment is expressly based on all of the plaintiff company’s credits, and therefore includes these advanced payments; but in what proportion it is based on these advanced payments the record does not say.
The judgment appealed from is therefore set aside, and the case is remanded for fur *983 ther trial, with leave to plaintiff to amend. Defendants to pay the costs of appeal, and other costs to await event of suit.
The CHIEF JUSTICE and MONROE, J., concur.