440 So.2d 1369 (1983)
W.T. McCAIN, Judge of the Thirty-Fifth Judicial District Court, Plaintiff-Appellee-Appellant,
v.
GRANT PARISH POLICE JURY, et al., Defendants-Appellants-Appellees.
No. 83-288.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
William J. Doran, Jr., Baton Rouge, for defendant-appellant.
Durrett, Hardin, Hunter, Dameron & Fritchie, Ben W. Lightfoot, Baton Rouge, for plaintiff-appellant-appellee.
Ernie Lynn Vallery, Pollock, and R. Gordon Kean, Jr. of Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, for plaintiff-appellee.
Joseph P. Beck, II, Dist. Atty., Parish of Grant, Colfax, for defendants-appellants-appellees.
*1370 Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
CUTRER, Judge.
The sole issue in this appeal is whether a district court may, by mandamus, require a legislative body (Police Jury of Grant Parish) to budget funds necessary for the effective and efficient operation of the district court. This issue is res nova in Louisiana. After reviewing the most basic concepts of separation of power in our constitution, cases and scholarly articles from other jurisdictions, we, with no difficulty, find that courts have the inherent power to compel the guardians of the public fisc, in this case, the Police Jury of Grant Parish, to budget adequate funds for the operations of the court to insure that the proper independence among our three co-equal branches of government be maintained.
On February 4, 1982, the Honorable W.T. McCain, Judge of the Thirty-Fifth Judicial District Court, submitted to the Grant Parish Police Jury a proposed budget for the district court during 1982. Judge McCain's proposed budget included four items which totaled $11,400.00. The items were: Judge's office telephone services $3,800.00; Maintenance of equipment, typewriters, copier, recording equipment, etc. $3,600.00; Judge's office supplies $2,500.00; and Judge's office reference materials$1,500.00. The Police Jury ignored Judge McCain's request and, without further contact with Judge McCain, budgeted $2,500.00 to the Thirty-Fifth Judicial District Court for "Judge's Office Expenses" for the 1982 fiscal year.[1]
By June 1982, Judge McCain had received several "past due" notices on bills for services provided to the court. It is not clear from the record exactly when the Judge's $2,500.00 budget was exhausted but one member of the Police Jury, a Mr. Harrison, testified that the budget was surely exceeded by June and that he was aware of certain unpaid bills from the court. Judge McCain, during his testimony, identified the following past due bills: Telephone (2 months), $418.63; Pitney Bowes (postage meter rental and postage costs), $848.13; Price Office Supply (bookcases for Judge's office), $688.00; West Publishing Company (Louisiana Revised Statutes and Civil Code updates), $351.00; Lanier Business Products (courtroom recording equipment), $549.95. On June 3, 1982, Judge McCain wrote to the Police Jury, with a copy sent to each member personally, detailing the above past due bills. Judge McCain noted that he had hoped funds to cover some of these bills would be generated by the court's Criminal Court Fund but that sufficient funds were not available from that source. The letter ended with an acknowledgment by the Judge that his office's budget had long been depleted and with the enclosure of the past due bills for disposition. Shortly thereafter an employee of the Police Jury told Judge McCain that, as his office budget had been exhausted, there were no monies available to pay these bills.
On June 7, 1982, the Police Jury having made no official response to Judge McCain's letter of June 3rd, Judge McCain filed two suits against the Grant Parish Police Jury in an effort to secure funding sufficient to cover the costs of the reasonable and necessary basic needs of his court. Petitions of mandamus, seeking to compel the Police Jury to pay past due bills and reform its budget to provide for expected future bills, and for declaratory judgment were filed. Exceptions of no cause of action were filed by the Police Jury in both suits. These *1371 suits were consolidated for trial.[2] The trial court, with the Honorable Richard B. Williams sitting by appointment of the Louisiana Supreme Court, granted the Police Jury's exception in the declaratory judgment suit and granted judgment in favor of Judge McCain in the mandamus action. The judgment ordered the Police Jury to immediately pay the reasonable expenses of the district court which were then past due and to reform its budget to provide the amounts specified in Judge McCain's proposed budget. The Police Jury was allowed a credit for $2,213.73, the amount previously paid out for district court expenses.
Both sides have appealed the rulings which were adverse to them in the respective cases and those appeals have been consolidated. Because of our decision in the Police Jury's appeal of the mandamus action the issue in the declaratory judgment suit is moot. However, a separate opinion will be rendered in that suit.

SEPARATION OF POWERS
Our government is based on a constitution. One of the most basic and fundamental features of our system is the vesting of power in three "coordinate, independent, coequal and potentially coextensive" branches.[3] Article II of the Louisiana Constitution, entitled Distribution of Powers, could hardly be more precise. It provides:
"§ 1. Three Branches
Section 1. The powers of government of the state are divided into three separate branches: legislative, executive, and judicial.
"§ 2. Limitations on Each Branch
Section 2. Except as otherwise provided by the constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the other."
Under the provisions of Art. VI, § 7 of the Louisiana Constitution of 1974, the Police Jury of Grant Parish is the local legislative branch of government. Pursuant to this constitutional provision, the legislature has given the Police Jury broad powers, including the power to levy and collect taxes, pass ordinances, incur debts and spend public monies for public purposes. See LSA-R.S. 33:1236. Article VI of the Louisiana Constitution, however, places a limitation on the power of local governments insofar as it may affect the judiciary. Section 25 of Article VI provides:
"§ 25. Courts not Affected.

Section 25. Notwithstanding any provisions of this Article, courts and their officers may be established or affected only as provided in Article V of this constitution." (Article V pertains to the Judicial Branch.)
The Thirty-Fifth Judicial District Court, for the Parish of Grant, State of Louisiana, was created pursuant to Article V of the Louisiana Constitution. As such, it stands on an independent and equal footing with the Grant Parish Police Jury. Judge McCain, as judge of the Thirty-Fifth Judicial District Court, is charged with administering that court and insuring that the court provides the service to the public as mandated by our constitution.
That the Thirty-Fifth Judicial District Court, represented herein by Judge McCain, has a right to exist, cannot be, and has not been questioned. That the Grant Parish Police Jury is the party primarily responsible for supplying the funds to pay for the operation of this court has not been seriously *1372 challenged.[4] The issue presented in this case is whether a court, as an equal member of our governmental triumviate, has the inherent power to compel a legislative body, another of the co-equal branches of government, to budget the reasonably necessary expenses incurred to provide the basic needs of an efficient, effective court. We hold that courts in the state of Louisiana do possess such inherent power.

INHERENT POWER OF THE COURT
The question concerning the existence and scope of an inherent power in the judicial branch, to require the provision of funds necessary to insure its own effective operation, is res nova in Louisiana. However, this question has been raised and decided in many of our sister states.[5] "Courts which have addressed themselves to [this issue] generally have upheld the inherent authority of the courts to compel payment of those expenses necessarily incurred by such courts in the discharge of their duties." 59 ALR3d 569, 574 (1974).
Two themes which appear time and again in the cases which recognize the inherent power of courts to force certain public officials to spend public funds on the courts are: (1) such power is essential to preserve the independence of courts which are often called upon to rule on the acts of these same public officials, who control public funds, and the courts must be free to act without fear of retaliation; and (2) although the power which exists in the courts is inherent, it is not unlimited; rather it extends to expenses which are reasonably necessary to the functioning and administration of the court and must be exercised in the spirit of mutual cooperation among the various branches of government.[6]
We agree with both of the theories expressed above. Judge Williams, in his opinion at the trial level, grasped the separation of powers argument and succinctly, and correctly, stated:
"In the instant case the [Police] Jury is the Legislative body of the Parish of Grant. The Plaintiff [Judge McCain] is of the Judiciary Body of said Parish. In order for the Judiciary Body through the Judge's Office to properly function free and untrammeled it cannot be directed, controlled or impeded in its functions by any of the other departments of government. The [Police] Jury by its failure to properly budget funds for the Judge's Office will reduce the efficiency and independence of same. This is not to be permitted."
As we stated before, although the power of a court to incur, and compel the payment of, debts for services and supplies reasonably necessary for its efficient and effective operation is inherent, such power is not unlimited. The Grant Parish Police Jury, in its arguments at trial and in its brief to this court, mention possible abuses which could *1373 arise if such an inherent power is recognized in this state. No such abuses are present in this case. Judge McCain has requested that his court be provided the very basic services and supplies it needs to operate.
Testimony was elicited at trial from two other district court judges: the Honorable Guy E. Humphries, Jr., retired Judge of the Ninth Judicial District Court, Parish of Rapides, and the Honorable Hiram J. Wright, Judge of the Eighth Judicial District Court, Parish of Winn. Both of these judges testified as to the reasonableness and necessity of the expenses incurred by Judge McCain. Our review of the record convinces us, as it did Judge Williams at trial, that Judge McCain established the expenses he incurred were both reasonable and necessary to the operation of his court. The Police Jury presented no contradictory evidence on these points.
The judgment of the trial court directing the Police Jury to pay all past due bills incurred by the court, and ordering the Police Jury to amend its budget to provide for future expected expenditures of the court shall be affirmed.

MANDAMUS AS A REMEDY
There was much discussion in the briefs to this court concerning the propriety of mandamus in this situation. Clearly, the courts of this state are established by our constitution, as is the legislative branch, and have a right to exist. If the legislative branch (Police Jury), being the only branch of government with the ability to generate operating funds, refuses to provide the necessary money for the operation of the courts, the courts have only one avenue of relief available; i.e., a suit to force the fulfillment of a ministerial duty, mandamus. We hold that mandamus is the proper procedural device in a case such as this.
For the reasons assigned, the judgment of the district court is affirmed. All costs of this appeal are to be paid by the appellant, Grant Parish Police Jury.
AFFIRMED.
DOMENGEAUX, Judge, concurring.
It should be made clear that the Grant Parish Police Jury's obligation as ordered by the district court and affirmed by us herein, is limited to the district court's reasonable expenses over and above those which cannot be paid because of the insufficiencies of the Criminal Court Fund. We express no opinion as to any exigency which might place a police jury into a deficit situation by paying such district court expenses. Such a contingency would entail possible conflicting constitutional provisions which we obviously do not consider here.
NOTES
[1] A total of $2,500.00 was budgeted to the court for 1982, in spite of the fact that the Police Jury knew that in 1981 over $6,000.00 was paid for the court's various expenses. In 1981 the Police Jury had budgeted only $1,500.00 to the district court and ended up spending approximately four times that amount. If a similar situation arose in 1982, vis a vis the budgeted amount and actual expenses being out of sync by a multiple of four, the Police Jury could realistically have anticipated spending about $10,000.00 on the district court.
[2] The Police Jury Association of Louisiana, Inc., appeared at trial and filed in open court a "Petition to Intervene or File Amicus Curiae Brief." The trial judge allowed the Association to file its brief and to argue against the plaintiff's petition for mandamus. The judgment of the trial court makes no mention of the Association as intervenor and we assume that intervention was denied although the brief, amicus curiae, was accepted. The Association has not participated in this appeal.
[3] See generally, 16 Am.Jur.2d Constitutional Law § 210 (1964).
[4] LSA-CJP art. 14 provides that the district courts of this state shall have jurisdiction of juvenile cases except in the parishes of Caddo, Orleans, Jefferson and East Baton Rouge. LSA-R.S. 13:1586 provides that the juvenile court may employ stenographic, secretarial and other personnel necessary to provide adequate service. These expenses shall be paid by the parish.

LSA-R.S. 15:571.11 authorize Grant Parish through its Police Jury to pay all or part of the expenses of the offices of the district judge from the revenues derived from the Criminal Court fund.
LSA-R.S. 33:4713 provides that the parish shall bear the expense and furnish suitable building and requisite furniture for the district court.
[5] See generally, Annot., 59 ALR3d 569 (1974), entitled: Inherent Power of Court to Compel Appropriation or Expenditure of Funds for Judicial Purposes, discussing cases from 27 states and the District of Columbia.
[6] See, Smith v. Miller, 153 Colo. 35, 384 P.2d 738 (1963); Carlson v. State, 247 Ind. 631, 220 N.E.2d 532 (1966); Commonwealth ex rel Carroll v. Tate, 442 Pa. 45, 274 A.2d 193 (1971), cert. den., 402 U.S. 974, 91 S.Ct. 1665, 29 L.Ed.2d 138 (1971); O'Coins, Inc. v. Treasurer of County of Worchester, 362 Mass. 507, 287 N.E.2d 608 (Mass.1972).