Dear Mr. Moreau:
We are in receipt of your letter dated May 6, 1991 in which you have requested an opinion relative to office expenses of the registrar of voters. Specifically, you asked:
Whether the St. Landry Parish Police Jury may charge the office of the Registrar of Voters for electricity used in the operation of air conditioning for the office, and/or whether the police jury may refuse to provide air conditioning?
As stated in recent Opinion No. 91-65, it has been and is the opinion of this office that it is the obligation of the Police Jury to fund "other expenses for the operation to each office necessary to enable the registrar fully to discharge his duties." LSA-R.S. 18:132 states:
 "Except as otherwise provided by law, the governing authority of each parish shall furnish the office space required by law for the registrar and also shall be responsible for the cost of all equipment and supplies, including all furniture, books, stationery, and other expenses for the operation of each office necessary to enable the registrar fully to discharge his duties. The parish governing authority shall provide space for the registrar's principal office in the courthouse or in close proximity thereto, and this office shall be accessible and convenient to the residents of the parish. The space to be used for this office shall be specifically designated by the parish governing authority, which shall designate adequate space to enable the registrar to full discharge his duties. No other official or unit of government shall have authority to designate or allocate such office space. Before the expenses are paid, the registrar shall furnish the head of the parish governing authority a budget of anticipated expenses for each succeeding year." (Emphasis Added.)
This language is mandatory. The question is whether the use of electricity for the operation of air conditioning for the Registrar's office is a necessary expense to enable the Registrar fully to discharge his duties. Enclosed for your review is Opinion No. 88-187 regarding the expenses of a telephone for the Registrar's office. It was opined that it is the statutory duty of the police jury to budget whatever funds are necessary to enable the registrar to fully discharge his duties as required in LSA-R.S. 18:132.
Furthermore, the opinion cited the case of McCain v. Grant Parish Police Jury, 440 So.2d 1369 (La.App. 3 Cir. 1983) for the proposition that a Police Jury as a co-equal branch of government with the judiciary, could be compelled by "mandamus to budget funds necessary for effective and efficient operation of a district court."
In conclusion, it is the opinion of this office that the use of electricity for the operation of air conditioning for the registrar's office is a necessary expense to enable the registrar fully to discharge his duties and, therefore, shall be paid by the Police Jury. If I can be of further assistance, please advise.
 Sincerely, WILLIAM J. GUSTE, JR. Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General