Dear Judge Piazza:
This office is in receipt of your request for an opinion of the Attorney General in regard to obtaining legal representation for the court. You ask if a Judge of the City Court of Marksville may utilize funds from the Criminal Court Fund to retain an attorney for adverse litigation against the City and/or Parish where the Court sits. You feel the present facilities are deficient, and by telephone conversation you indicate you are interested in having an attorney represent the court in order to secure suitable space for the operation of the court.
We find that by Act 16 of 1971 R.S. 13:2488.51 was enacted to abolish the Justice of Peace and Mayor's Courts in order to create the City Court of the Town of Marksville. In accordance with R.S. 13:2488.56 the expenses of operation and maintenance of the court room and offices shall be apportioned equally between the Town of Marksville and the Parish. In addition, R.S. 13:2488.58 which is in regard to all criminal matters, and R.S. 13:2488.59 for all civil matters provide for the city court judge to assess additional cost in the amounts set forth in the statutes. In R.S. 13:2488.58 the assessment is deposited into a special fund to be used for operational expenses of the court "including but without limitation, use from time to time for the cost of operating the court and for employment by the judge of secretaries, accountants, stenographers, filing clerks, bookkeepers, reporters and other court employees, * * * and such other equipment, all as may be useful or necessary for the proper conduct of the court's judicial business, and all as may be approved by the court."
We feel the legislative directive that the criminal court fund be for those things particularly designated "but without limitation" and "as may be useful or necessary for the proper conduct of the court's judicial business" is a clear indication that the court has broad discretion to expend the money in furtherance of the operation of the court's judicial business. We believe that obtaining an attorney to secure suitable space would fall within the guideline of the statute as a court employee that may be necessary for the proper conduct of the court's judicial business.
We find support in this conclusion by the court's decision in McCain v. Grant Parish Police Jury, 440 So.2d 1369
(La.App. 1983) in which the court found the police jury was primarily responsible for supplying funds for the operation of the district court, and accordingly ruled that mandamus was the proper procedural device for the court to force the police jury to fulfill its ministerial duty of providing reasonable funds necessary for the efficient and effective operation of the court.
As noted above, in R.S. 13:2488.56 the legislature has declared that the expenses of operation and maintenance of the court room and offices shall be apportioned equally between the Town of Marksville and the Parish. This ministerial duty can be secured by mandamus.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
RICHARD P. IEYOUB Attorney General
By: _________________________ BARBARA B. RUTLEDGE Assistant Attorney General