Dear Doctor Dawson:
This office is in receipt of your request for an opinion of the Attorney General in regard to funding of the coroner's office. You indicate the Parish has been reluctant to pay expenses for salaries and other business expenses incurred by your office and you request an opinion as to the specific responsibilities of the Parish in funding the coroner's office.
In Atty. Gen. Op. No. 90-247, this office observed as follows:
 There are two tests for the funds which must be provided to your office by the police jury. R.S. 33:1556B and F mandate funding in an amount necessary to defray "necessary or unavoidable" expenses. The constitutional test is perhaps synonymous; it requires that funding necessary to sustain the intended constitutional function of the office, i.e. the ability of the coroner to perform all duties imposed upon him by law.
* * * * * * * * * * * * * * * * * * * * * * *
 The following are mandated expenses: (1) office space, (2) telephone, (3) secretarial service, (4) office furniture and equipment (belongs to parish), (5) professional dues (La. State Coroner's Association), and fees for educational seminars, (6) books (by volume on individual request), (7) car, or alternatively, mileage reimbursement for official use of private vehicle."
It was concluded such minimal operational funding is judicially enforceable against the parish governing authority, citing Reed v. Washington Parish Police Jury, 518 So.2d 1044
(La 1988); City Court of Breaux Bridge v. Town ofBreaux Bridge, 440 So.2d 1044 (La.App. 1983); andMcCain v. Grant Parish Police Jury, 440 So.2d 1369
(La.App. 1983).
That opinion further recognized the Coroner's Operational Fund is established by R.S. 33:1572 and funded by a fee imposed as court costs to be dedicated solely to defraying the operational costs of the office of the coroner. It was observed the coroner's right to distribution of the Coroner's Operational Fund is judicially enforceable by a writ of mandamus to the ministerial officer with custody who refuses to remit the funds upon request by the coroner.
You state the Parish is reluctant to pay salaries. We note that R.S. 33:1555 provides that a coroner may appoint assistant coroners and personnel such as secretaries, clerks and others as necessary to be "paid by the coroner out of his fees or by arrangement with the parish governing authority if thecoroner is on a salary basis". Consequently, the responsibility of certain payments depends upon whether you are salaried or not.
In Atty. Gen. Op. No. 95-112 this office found that while a salaried coroner may not receive the fees established in R.S.33:1556(A), there are numerous statutes in regard to services to be performed by a coroner for which he can be compensated that are not covered in R.S. 33:1556(A). The responsibility of payment by a parish for specific services will depend upon the relevant statute. To determine responsibility for payments the statutes often require consideration of such things as domicile of the decedent or the location of the death being investigated, agreements in contracting with experts, if examination is in connection with a criminal investigation, or if the expense is necessary and unavoidable to the performance of the duties of the coroner.
Accordingly, we cannot detail every expense that the Parish may be responsible for inasmuch as it will vary with the circumstances.
We hope this has been of assistance but if we can be of further help with specific questions, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________ BARBARA B. RUTLEDGE Assistant Attorney General