Dear Representative Iles:
This office is in receipt of your opinion request dated April 24, 1996, in which you present the following issues for our review and response:
 (1) May a police jury legally move a tax base from one ward to another? If so, what is the legal procedure for doing so?
 (2) Specific to the newly created second judgeship in the 36th Judicial District, is the judge required by statute to be officed in the district courthouse or may the judge be officed in an adjacent building?
In order to clarify the issues surrounding your first question, we have spoken with Ms. Linda Lewis, your office aide, who advised that a certain paper mill is presently situated in Ward 2 of Beauregard Parish. The Police Jury wishes to redraw district lines to position this mill in Ward 3 in order to provide more funding for Ward 3's tax base. Ms. Lewis also advised this office that a 5.4 mill tax levied in Ward 2 is the security for outstanding debt.
We direct you to LSA-R.S. 33:1224 which reads:
 The police jury of each parish may redistrict their parish in not more than twelve policy jury wards, as the convenience of the people may require. Any such wards shall be compact and contiguous.
Therefore, the policy jury at issue may redistrict Wards 2 and 3, "as the convenience of the people may require." Whether this convenience of the people requires a redrawing in order to shift funds from one ward's tax base to another is a determination best left for administrative or judicial consideration. However, in their consideration the police jury must be mindful that they cannot take action which would have the effect of impairing the security for any outstanding indebtedness. U.S. Const. Art. I, Sec. 10[1] and La. Const. art. I, Sec. 23. It should also be noted that it is the opinion of this office as well as the opinion of the Supreme Court of this State that property can be assessed and taxed only in the taxing district within which it is situated. Op.Atty.Gen. 80-1026; Union Tankline Company v. Day,143 La. 771, 79 So. 334 (1918). Also, a change in ward boundaries would not have the effect of changing the boundaries of special districts. Op.Atty.Gen. 79-31. Because there appears to be an outstanding tax which is the security for outstanding debt of Ward 2, it is the opinion of this office that Beauregard Parish could not change the tax base for Ward 2. As this subject matter is extremely complex, you may wish to suggest to the police jury that they contact their bond attorney to discuss these issues in greater detail. This office would be available to assist in any way.
Any redistricting would constitute official action by the police jury. In order for this action to become effective the entire police jury must approve the action by majority vote.
Also, by redistricting these wards, the policy jury must abide by the provisions of LSA-R.S. 18:1903, which mandates:
 A. No election precinct shall be created, divided, abolished, or consolidated, or the boundaries thereof otherwise changed between January 1 of any year which last digit is nine and December 31 of any year which last digit is zero unless ordered by a court of competent jurisdiction or by reason of an annexation or other change in the boundaries of a municipality.
 B. If a change in the boundaries of a precinct is made as specified in Subsection A above, during the time specified therein, the affected governing body shall, within fifteen days after the entry of the court order, or the date of the ordinance changing the municipal boundaries, send to the secretary of the Senate and the clerk of the House of Representatives a certified copy of the order or ordinance and a copy of a map showing the new boundaries together with a corrected word description of such boundaries. The secretary and the clerk shall likewise be notified of appeals filed, changes in ordinances, or other actions that pertain to any such order or ordinance.
Moreover, should the police jury redistrict its wards pursuant to LSA-R.S. 33:1224, this ordinance cannot become effective until it has been approved by the U.S. Department of Justice pursuant to the Voting Rights Act of 1965. If the U.S. Department of Justice approves this boundary change and the requirements of LSA-R.S. 18:1903 are fulfilled, the ordinance could become effective.
Your second question asks whether, pursuant to the newly created second judgeship in the 36th Judicial District, the judge is required to have his or her office in the courthouse. As Ms. Lewis explained, the courthouse does not have enough room available for these offices. However, the police jury has made available some space in an adjacent building owned by the police jury for those offices until such time as the judge can be accommodated at the courthouse.
The power of a court includes the ability to incur, and compel the payment of, debts for services and supplies reasonably necessary for its efficient and effective operation. W.T.McCain v. Grant Parish Police Jury, 440 So.2d 1369 (Ct.App. 3rd Cir. 1983). The parish police jury is the entity required to budget funds necessary to cover the expenses. Id.
However, no requirement exists compelling the judge's office to be located within the courthouse. By providing reasonable space in the building adjacent to the courthouse for this purpose, the police jury is satisfying its obligation in a legal and practical manner as the situation demands.
I trust this answers your concerns. Please contact this office should you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI/CMF:tfd
Date Received:
Date Released:
CARLOS M. FINALET, III, ASSISTANT ATTORNEY GENERAL