Dear Senator Marionneaux:
You have requested an opinion from this office as to whether or not the 18th Judicial District Court, Probation Department, can purchase property upon which it can build a building to house its offices. You advise that it is your understanding that the 18th Judicial District Court, Probation Department, is a self functioning organization supervised by the judges of the 18th Judicial District Court.
It is our opinion that the 18th Judicial District Court, Probation Department, is nothing more than a functional office created by the judges of the 18th Judicial District Court to expedite the business and function of the Court in monitoring the conditions of probation imposed either on those defendants convicted of a misdemeanor or in the exercise of the Court's juvenile jurisdiction. LSA R.S. 13:996.36 (C); LSA C. Cr. P. Article 894 (A)(1); LSA Ch. C. Article 302 (2) and LSA Ch. C. Article 421. As simply a functional office of the Court, it would not have any independent legal capacity to enter into contracts, let alone purchase immovable property.
Furthermore, our research fails to find any constitutional or legislative authority for a district court to acquire immovable property. Rather, the parishes are mandated to furnish office space for the district courts; and are granted specific constitutional authority to acquire property for any public purpose. LSA R.S. 33:4713; LSA Const. Article VI, § 23. In this regard, our office has also rendered an opinion that the Criminal Court and Probation Funds provided for in LSA C. Cr. P. Article 571.11 and LSA C. Cr. P. Article 895.1(B) do not authorize the expenditure of those funds for the construction or renovation of court buildings. See: Opinion No. 92-273.
Finally, we are of the opinion that even under the doctrine of inherent powers, the 18th Judicial District Court does not have the authority or power to acquire immovable property. The inherent powers of the judiciary "pertains to the administration of the business of the court." Konrad vs. Jefferson ParishCouncil, 520 So.2d 393, 397 (La. 1988). However, the 18th Judicial District Court may be entitled to a writ of mandamus to require the local governing authorities to appropriate the funds reasonably necessary to house the Probation Department and insure the effective operation of the Court. McCain vs. Grant ParishPolice Jury, 440 So.2d 1369 (La.App. 3rd Cir. 1983); Twenty-FirstJudicial District Court vs. State, 563 So.2d 1185 (La.App. 1st Cir. 1990).
If we can be of any further service to you in this matter, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHC/tp
 OPINION NUMBER 92-273
RELEASED SEPTEMBER 4, 1992
15 — COURTS 47 — FINES, FORFEITURES PENALTIES R.S. 15:571.11
C.Cr.Pro. Arts. 894, 895
Neither the Probation Fund of La. C.Cr.Pro. 894, 895 nor the Criminal Court Fund established by LSA R.S. 15:571.11 may provide capital funds for construction of courthouses or courtrooms.
Honorable Robert E. Burgess Chief District Judge 11th Judicial District P.O. Box 113 Mansfield, LA 70152
Dear Judge Burgess:
Your opinion request asked if the funds for the proposed repair of a building, which building is to be used for offices, storage, and for an additional courtroom for civil and criminal non-jury trials, may be derived from the DeSoto Parish Probation Fund or the Criminal Court Fund. The applicable statutes are as follows:
 The Probation Fund — LSA C.Cr.P. Art. 894, 895.
 The Criminal Court Fund — LSA R.S. 15:571.11.
Initially we state and note that LSA C.Cr.P. Art. 894, 895
deal with probation in misdemeanor and felony probation matters and funds collected under those statutes can not be used to defray the construction costs mentioned in your request.
Our analysis of the Criminal Court Fund is as follows, that statute LSA R.S. 15:571.11 entitled Disposition of fines and forfeitures states in pertinent part:
 § 571.11. Dispositions of fines and forfeitures
 A.(1)(a) All fines and forfeitures imposed by district courts and district attorneys conviction fees in criminal cases and prosecutions for violations of state law or parish ordinances, upon collection by the sheriff or executive officer of the court, shall be paid into the treasury of the parish in which the court is situated and deposited in a special "Criminal Court Fund" account, which, on motion by the district attorney and approval order of the district judge, may be used or paid out in defraying the expenses of the criminal courts of the parish as provided in R.S. 13:1587 and R.S. 16:6, in defraying the expenses of those courts in recording, and transcribing of testimony, statements, charges and other proceedings in the trial of indigent persons charged with the commission of felonies, in defraying their expenses in the preparation of records in appeals in such cases, for all expenses and fees of the petit jury and grand jury, for witness fees, for attendance fees of the sheriff and clerk of court, for costs and expenses of a parish law library, for expenses and fees of attorneys appointed to represent indigent persons under any public defender program, and for other expenses related to the judges of the criminal courts and the office of the district attorney. In the Second Judicial District, the criminal court fund shall be used to defray the expenses of the criminal court system.
The specifically stated purposes for which these funds may be used do not include capital expenditures for construction or renovation of court buildings. The remainder of this lengthy statute also fails to authorize capital expenditures for courtrooms.
In sum, we find no authorization in either of these statutes for the expenditure of funds for capital construction and or renovation: Those funds must be sought elsewhere.
Trusting the above is helpful to your inquiry, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ JAMES M. ROSS Assistant Attorney General
RPI/JMR:vrr