Dear Judge Leehy and Judge Blue:
This office is in receipt of your request for an Attorney General's opinion regarding the recent modification, by the Mayor of the City of Monroe, of a long-standing policy under which the City paid the employee's share of retirement contributions, in addition to the mandatory employer's portion thereof, for all employees of the City of Monroe and the Monroe City Court, including the Monroe City Court judges. With respect thereto, you have presented two questions for our review.
 "Does the Mayor's unilateral reduction of payments on behalf of the judges of the Monroe City Court to the Louisiana State Employee Retirement System violate Art. 5, Sec. 21 of the Louisiana Constitution of 1974, which prohibits the reduction of a judge's salary or retirement benefits during his/her term of office?"
La. Const. Art V, Sec. 21 provides:
 "The term of office, retirement benefits, and compensation of a judge shall not be decreased during the term for which he is elected."
By virtue of this provision, the Louisiana Constitution unequivocally provides that the retirement benefits and compensation of a judge cannot be reduced during the term for which he or she is elected. In accord: Attorney General's Opinion No. 00-79. It is the opinion of this office that the Monroe Mayor's unilateral reduction of retirement contribution payments on behalf of the Monroe City Court judges is in violation of La. Const. Art V, Sec. 21.
 "Does the Mayor's unilateral reduction of payments on behalf of the judges of the Monroe City Court and the employees of Monroe City Court violate constitutional principles of separation of powers in that the employees of Monroe City Court are court employees, subject solely to the budget authority of the court?"
In accordance with your advice to the undersigned, it is our understanding that sometime after the Monroe City Court budget was submitted to, approved and adopted by the Monroe City Council, the Mayor unilaterally reduced payments for the employee's portion the retirement contributions of both the judges and the employees of the City Court. It is your position that after a city court's budget has been properly approved through the municipal budgetary process, it cannot be unilaterally changed by the Mayor.
Please be advised that this office agrees with your position. In the opinion of this office a mayor cannot, in the absence of a proper budget amendment, unilaterally withhold funds appropriated to or for the city court, nor can a mayor direct that those funds be expended other than as specified in the adopted budget.
Pertinent to your inquiry is Attorney General's Opinion No. 98-34, addressed to the Hon. Larry D. Jefferson of the Monroe City Court on April 1, 1998. Therein, we determined that ". . . the Mayor does not have authority over the expenditure of funds previously budgeted for the court, and his position in regard to the budgeted payments is ministerial." Opinion No. 98-34 also determined, based upon the decision rendered in Cosenza v. AetnaIns., 341 So. 2d 1304 (La.App. 1977), that the City Court does not fall under the supervision of the Mayor, nor is ". . . his signature required to employ personnel, set the rate of pay or make changes in the status of court personnel."
It should be noted that the City Court and its judges do not have a "blank check" with regard to the expenses of operation of the city court "and must comply with budgetary requirements in seeking payment of expenses of operation and maintenance of court and office." Attorney General's Opinions No. 79-479. See also: Attorney General's Opinion No. 98-34. Fiscal responsibility requires the city court judges to submit the court's budget to the municipal governing authority in advance of making expenditures, committing funds, etc.
The requirement to follow proper budgetary procedures does not, however, require that a city court thereby relinquish its authority to exercise control of its employees and their compensation. In this regard we call your attention to the decision rendered in McCain v. Grant Parish Police Jury,440 So.2d 1369 (3rd Cir. 1983), wherein the court had before it the issue of "Whether a court, as an equal member of our governmental triumvirate, has the inherent power to compel a legislative body, another of the co-equal branches of government, to budget the reasonably necessary expenses incurred to provide the basic needs of an efficient, effective court?" The Third Circuit held, "That courts in the state of Louisiana do possess such inherent power."
In accord with the McCain decision, prior opinions of this office recognize the necessity for courts to operate independently of the other branches of government without fear of retaliation, with respect to expenses which are reasonable and necessary with respect to the functions and administration of the court. Attorney General's Opinions Nos. 98-34, 86-177, 85-902, 83-987.
We trust the foregoing to adequately respond to your request. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General