Dear Mr. Boudreaux:
In Attorney General Opinion 07-0311, this office advised you that you could not hold the elected office of Councilman of the Lafayette City-Parish Council and continue in your employment as the Youth Services and Program Director for the 15th Judicial District Attorney's Office. Because you in your capacity as parish councilman would essentially fund your employment with the district attorney's office, the positions were deemed incompatible under the provisions of R.S. 42:64. See Attorney General Opinion 070311, copy attached.
You submitted a second opinion request to this office, asking if you could continue to serve as parish councilman if you entered into a professional services contract with the district attorney's office. In Attorney General Opinion 07-0320, we responded to you that where an individual enters into a professional services contract such is not a position compensated on a salary or per diem basis, and does not constitute employment within the dual officeholding provisions, nor would such constitute an elective or appointive office. "Thus, the dual officeholding laws are inapplicable and do not prohibit you as councilman from entering into such a contract". See Attorney General Opinion 07-0320, copy attached.
You have submitted a third opinion request to this office, asking if the source of funding for either a position of employment or a professional services contract with the district attorney's office would change our conclusions in Opinions 07-0311 or 07-0320. Here, you contemplate that the source of funding for a position of employment would be the *Page 2 
district attorney's discretionary fund created by R.S. 15:571.11(A)(1)(b), (the Criminal Court Fund)[1].
While the language of R.S. 15:571.11(A)(1)(b) gives the district attorney the authority to use the twelve percent of the fines and forfeitures collected set aside for his office to defray the expenses of his office at his discretion, the primary source of funding remains the responsibility of the parish governing authority. R.S. 16:6 requires the parish to fund those "salaries or charges for special officers, investigators and other employees" of the district attorney's office, which would include your position of employment.
The court in Reed vs. Washington Parish Police Jury, 518 So.2d 1044
(La. 1988) discussed whether the funds created under R.S. 15:571.11
should be the primary source of funds instead of R.S. 16:6. In rejecting the claim that the Criminal Court Fund is the primary source of funding, the court stated:
 As a practical matter, the legislature could not have intended to require the district attorneys of this state to rely on funds such as the Criminal Court Fund for the primary source of revenues to operate their offices . . . These additional sources were never intended to wrest the primary responsibility for funding the 16:6 expenses from the shoulders of the legislative branch of government. Reed, at pages 1048, 1049.
In Attorney General Opinion 88-242, this office, citing Reed, supra, concluded "the Criminal Court Fund, are supplemental sources of funding in addition to the primary funding provided by the police jury. . . . [R.S. 15:571.11] does not require that these funds be utilized before the police jury is required to pay reasonable funds under R.S. 16:6." See Attorney General Opinion 88-242, copy attached.
The district attorney is not required to use his discretionary funds to pay for your position of employment, as this remains the primary responsibility of the parish. Because the primary source of funding of "salaries or charges for special officers, investigators and other employees" remains the responsibility of the parish governing authority under R.S. 16:6, and because you are a parish councilman who would vote to fund your employment with the district attorney's office, the incompatibility provisions of R.S. 42:64(4) and (5) would prohibit you from holding both positions concurrently. We affirm this conclusion previously rendered to you in Opinion 07-0311. *Page 3 
You ask if the dual-officeholding provisions, specifically R.S. 42:64(4) and (5)[2], would be invoked if the discretionary funds of the district attorney's office were used to pay for your professional services contract. When an individual enters into a professional services contract, such is not a position compensated on a salary or per diem basis, and does not constitute employment within the dual officeholding provisions, nor would such constitute an elective or appointive office. Thus, the dual officeholding laws are inapplicable and have no bearing vis-à-vis the use of the discretionary funds of the district attorney's office to pay for your professional services contract. As we concluded in Opinion 07-0320, the dual-officeholding provisions do not prohibit you from holding the elected office of parish councilman while holding a professional services contract with the district attorney's office.
Our opinion is limited to an examination of the dual-officeholding laws. Any issues concerning the Code of Governmental Ethics R.S. 42:1101,et seq., are addressed by advisory ruling of the Louisiana State Board of Ethics 2415 Quail Drive, Baton Rouge, LA 70808, 225-763-8777.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: _____________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 OPINION 07-0311
78 Dual Officeholding
R.S. 42:61, et seq: R.S 42:63(D); R.S. 42:62(9); R.S. 42:64(A)(5) and (6)
Police juror may not also continue in his employment with the district attomey's office as the positions are incompatible.
Mr. Kenneth P. Boudreaux P.O. Box 92712 Lafayette, LA 70509
Dear Mr. Boudreaux:
You have asked this office to advise you whether you may continue in your employment as Youth Services and Program Director for the 15th
Judicial District Attorney's Office, as you have recently been elected as Councilman for District 4 of the Lafayette City Parish Council.
The provisions of R.S. 42:61, et seq., of the Louisiana Dual Officeholding and Dual Employment Law govern our response to your question. Note first that the dual officeholding laws generally prohibit one from holding employment and elective office in the same political subdivision. R.S 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
However, for purposes of the dual officeholding law, the parish and the district attorney's office are separate political subdivisions. R.S.42:62(9) states:
 (9) "Political subdivision" means a parish, municipality and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of *Page 2 
voters, and all other elected parochial officials shall be separate political subdivisions. (Emphasis added).
R.S. 42:63 does not prohibit one from holding the local elective office of police juror and employment in a separate political subdivision such as the district attorney's office. However, R.S. 16:6 requires the police jury to fund the salaries of employees of the district attorney, as the statute provides:
 § 6. Reimbursement for expenses; payment by police juries
 The district attorneys of this state, the parish of Orleans excepted, shall be entitled to an expense allowance for salaries of stenographers, clerks and secretaries, and salaries or charges for special officers, investigators and other employees and an expense allowance for stationery forms, telephone, transportation, travel, postage, hotel and other expenses incurred in the discharge of their official duties.
 The police juries of the various parishes of the state of Louisiana are hereby authorized to pay from their general fund any of the items of expense, as provided for herein, incurred by the several district attorneys of this state when acting in their official capacities.
Note here that in your capacity as police juror you have a mandatory duty pursuant to R.S. 16:6 to fund those "salaries or charges for special officers, investigators and other employees" of the district attorney's office, which would include your position of employment there. The issue in Reed v. Washington Parish Police Jury, 518 So.2d 1044 (La. 1988) was whether R.S. 16:6 imposes a mandatory duty on a police jury to fund the itemized expenses set forth in the statute. The Court stated:
 A reading of the language employed by the legislature, in the context of the statute as a whole, leads us to the conclusion the term "authorized" is mandatory. Reed, supra, at page 1045.
The incompatibility provisions of R.S. 42:64(A)(5) and (6) are raised by this scenario, as the statute provides:
 § 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 ***** *Page 3 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
You, in your capacity as police juror, would essentially vote to fund your employment with the district attorney's office. For this reason, R.S. 42:64 is applicable and the two positions are considered incompatible.
This office came to the same conclusion in Attorney General Opinion 06-0076. In Opinion 06-0076 this office concluded an individual elected to the Bossier Parish Policy Jury could not also hold employment as the information technologies manager for the Bossier Parish District Attorney's office as the positions are incompatible under R.S. 42:64.
Note that Opinion 95-318 fails to mention R.S. 16:6 and the incompatibility issues raised herein and for that reason is recalled.
Finally, there are no provisions in the dual-officeholding laws which would exempt you from the prohibitions if you recused yourself from voting on all council matters pertaining to the district attorney's office.
Because the positions here are incompatible, you would have to resign your employment within the district attorney's office if you intend to serve as parish councilman.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: ___________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 OPINION NUMBER 88-242
Mr. Kenneth 0. Roark Secretary-Treasurer LaSALLE PARISH POLICE JURY Post Office Box 57 Jena, Louisiana 71342
Dear Mr. Roark:
This office is in receipt of your request for an opinion of the Attorney General, and it has been forwarded to the undersigned for disposition. As I understand them, your questions are:
 1. What is the financial responsibility of the Police Jury in regards to providing for the expenses of the District Attorney and the District Court of the Parish?
 2. Must the funds that are retained by the District Attorney and the Sheriff under R.S. 15:571.11 be completely exhausted before the Police Jury is required to carry out its financial obligations?
 3. Are the District Attorney and the District Court authorized to fix and set the salaries of their respective office staffs?
The complexity of these questions is that it involves the interrelatedness between four district governmental entities; however, a recent Louisiana Supreme Court decision and the following legislative enactments should resolve the puzzle. *Page 2 
R.S. 16:6
 The district attorneys of this state, the parish of Orleans excepted, shall be entitled to an expense allowance for salaries of stenographers, clerks and secretaries, and salaries or charges for special officers, investigators and other employees and an expense allowance for stationery forms, telephone, transportation, travel, postage, hotel and other expenses incurred in the discharge of their official duties.
 The police juries of the various parishes of the State of Louisiana are hereby authorized to pay from their general fund any of the items of expense, as provided herein, incurred by the several district attorneys of this state when acting in their official capacity.
R.S. 15:571.11
 A.(1)(a) All fines and forfeitures imposed by district courts and district attorneys conviction fees in criminal cases and prosecutions for violations of state law or parish ordinances shall be paid into the treasury of the parish in which the court is situated and deposited in a special "Criminal Court Fund" account which, on motion by the district attorney and approval order of the district judge, may be used or paid out in defraying the expenses of the criminal courts of the parish as provided in R.S. 13:1587 and R.S. 16:6.
 (b) The sheriffs throughout the state . . . shall retain twelve percent of the amount of fines collected or the amount of bonds forfeited to go into the sheriff's general fund in each parish and an additional twelve percent of the amount of fines collected and the amount of bonds *Page 3 
forfeited shall be transmitted to the district attorney of the judicial district or be used by the district attorney in defraying such expenses of his office as in his discretion may be necessary.
 B. Notwithstanding the provisions of R.S. 13:692, 13:1587
and R.S. 16:6 and other provisions of this section, a district judge of the State of Louisiana . . . shall have the right to order the sheriff of the parish wherein his principal office is domiciled, to pay, on the voucher of that district judge alone . . . a salary for a secretary for that district judge's office, which amount shall be paid prior to depositing the fines and forfeitures into the treasury of the parish.
R.S. 13:1587
 A. The judge of the court may employ such stenographic, secretarial, and other personnel deemed necessary to make the functions of the court effective and provide adequate service.
 The employment of such persons shall be at the expense of the court and . . . shall be paid by the respective parish.
R.S. 13:996.45
 C. The judge may further appoint such secretarial, clerical, research, administrative, and other personnel as he deems necessary to expedite the business and function of the court and fix and pay all or any part of the salaries of such personnel out of the monies in the judicial expense fund. In like manner, the judge may utilize the monies in the judicial expense fund to pay all or any part of the cost of establishing or maintaining a law library for the court, or for buying or maintaining *Page 4 
any type of equipment, supplies, or other items consistent with or germane to the efficient operation of the court. In general, the judicial expense fund is established and may be used for any purpose or purposes connected with, or incidental to, or related to the proper administration or function of the court or the office of the judge and is in addition to any and all other funds, salaries, expenses, or other monies that are provided, authorized or established by law for any of these purposes. (Emphasis added.)
The first question in regards to the District Attorney, has recently been addressed by the Louisiana Supreme Court in Reed v. WashingtonParish Police Jury, 518 So. 2d 1044 (La. 1988). The issue in Reed was whether R.S. 16:6 imposes a mandatory duty on a police jury to fund the itemized expenses set forth in the statute. The court held that R.S. 16:6
does place a mandatory duty on the police jury to fund the aforesaid expenses of the district attorney's office. In looking at the language of R.S. 16:6, the court stated that a reading of the first paragraph as mandatory, and the second paragraph as discretionary rendered the first paragraph basically meaningless. The court determined that the choice of the word "authorized" in 16:6 was simply a legislative recognition that a police jury possesses only those powers conferred by the state's constitution and statutes; therefore, the court determined that the police jury's duty was mandatory and not discretionary.
The court also looked to the history of the statute, and additional sources of funding, in determining that the police jury's duty was mandatory. After examining all of these factors, the court concluded that 16:6 did not give the police jury discretion to fund the district attorney's office, it required the police jury to fund the office. The court did condition this requirement, however, by stating that the police jury's duty to fund the 16:6 expenses is limited by the standard of reasonableness; that is, the police jury should only be required to fund reasonable expenses under R.S. 16:6.
A similar situation was presented to the Louisiana Third Circuit Court of Appeal in McCain v. Grant Parish Police Jury, 440 So. 2d 1369
(La.Ct.App. 3rd Cir. 1983). In McCain, *Page 5 
the Court was faced with the issue of whether a district court could, by mandamus, require a legislative body (the police jury) to budget funds necessary for the effective and efficient operation of the district court. The court simply began from the premise that the police jury was primarily responsible in supplying funds for the operation of the district court. The court, in a footnote, cited R.S. 13:1587 and R.S.33:4713 in support of this premise. These statutes require the police jury to provide funding for the physical aspects or elements of the court, and the personnel required by the court to provide effective and adequate service. The court ultimately held that mandamus was the proper procedural device for a district court to force the police jury, as the only branch of government with the ability to generate funds, to fulfill its ministerial duty of providing reasonable funds necessary for the efficient and effective operation of the court.
Specifically addressing the first question posed, the financial responsibility of the police jury in regards to providing for the expenses of the district attorney and the district court, in light ofReed and McCain, is to provide reasonable and necessary funds for the effective operation of each entity.
In answering the second question, it is helpful to reexamine Reed. InReed, the court discussed whether the funds created under R.S. 15:571.11
(Criminal Court Fund) should be the primary source of funds instead of R.S. 16:6. In rejecting the claim that the Criminal Court Fund is the primary source of funding, the court stated:
 As a practical matter, the legislature could not have intended to require the district attorneys of this state to rely on funds such as the Criminal Court Fund for the primary source of revenues to operate their offices. . . . These additional sources were never intended to wrest the primary responsibility for funding the 16:6 expenses from the shoulders of the legislative branch of government." Reed, at 1048-9.
The court clearly states that additional sources of funding, and specifically the Criminal Court Fund, are supplemental sources of funding in addition to the primary funding provided by the police jury. *Page 6 
In addition, the language of R.S. 15:571.11 (A)(1)(b) gives the district attorney the authority to use the twelve percent of the fines and forfeitures collected set aside for his office to defray the expenses of his office at his discretion. The statute does not require that these funds be utilized before the police jury is required to pay reasonable funds under R.S. 16:6.
The principles stated in Reed in regard to the district attorney's relation to R.S. 15:571.11 can, by analogy, be equated with the sheriff's reliance on the Criminal Court Fund as a source of funding. The primary funding for the sheriff comes from the police jury's statutory obligations and from the commission from taxes collected, which is deposited into the sheriff's general fund under R.S. 33:1423. Because of the important function performed by the sheriff, it is doubtful that the legislature would require a fluctuating fund such as the Criminal Court Fund to be the primary financial support of the sheriff's office. In light of the inherent nature of the Fund, it can be nothing more than a supplement to the primary funds stated above. Finally, the statute does not require that the monies collected from the Fund be exhausted before the financial obligations of the police jury can be enforced.
In response to the second question, the funds retained by the district attorney and the sheriff under R.S. 15:571.11 need not be exhausted before the police jury's financial obligations can be enforced.
Under R.S. 16:6, the district attorney is entitled to an expense allowance for the salaries of stenographers, clerks, secretaries, special officers, investigators and other employees. Since the police jury is under a mandatory obligation under the statute to fund these itemized expenses, and since the statute sets so salary limit nor does it state who must set these limits, the district attorney can set the salary limits of these employees. As set forth in Reed, the police jury is required to fund these salary expenses so long as the salaries meet the test of reasonableness.
The same would be true in regard to judges. The police jury should have to fund the salaries of whatever members of the District Court staff that they are required to fund as set by the District Court, so long as the salaries meet a reasonableness standard. *Page 7 
Accordingly, it is the opinion of this office that the police jury must provide sufficient funds that are reasonable and necessary for the effective operation of the district attorney and the district court; the funds retained by the district attorney and the sheriff under R.S.15:571.11 need not be exhausted before the police jury is required to fulfill its financial obligations to those entities; and the district attorney and the district court may set the salaries of their respective staffs, which the police jury has a financial obligation to provide, so long as the salaries pass a test of reasonableness.
 Very truly yours,
 WILLIAM J. GUSTE, JR.
 Attorney General
 BY: ___________________
 RENE' SALOMON
 Assistant Attorney General
 RS/AD/clr
[1] R.S. 15:571.11 (A)(1)(b) states:
 (b) The sheriffs throughout the state, the parish of Orleans excepted, shall retain twelve percent of the amount of fines collected to go into the sheriffs general fund in each parish and an additional twelve percent of the amount of fines collected shall be transmitted to the district attorney of the judicial district or be used by the district attorney in defraying such expenses of his office as in his discretion may be necessary.
[2] R.S. 42:64(4) and (5) provide, respectively:
 Incompatible offices.
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.