Dear Ms. Dickson:
You have requested an opinion of this office regarding whether the judges of the Seventh Judicial District Court for the Parish of Concordia had the authority to enter an order requiring the Concordia Parish Police Jury to include funds in its 2012 budget for salary increases for two court reporters.
On February 11, 2011, an Order was signed by Judges Kathy Johnson and Leo Boothe of the Seventh Judicial District Court for the Parish of Concordia directing the Concordia Parish Police Jury to increase the monthly salaries of two court reporters effective March 1, 2011. The mandated salary increases were ordered after the budget for fiscal year 2011 had already been adopted; therefore, the increases were not included in the budget. In order to assist the Concordia Parish Police Jury through the end of FY 2011, the court order was amended to read as follows:
 The Concordia Parish Police Jury is hereby ordered to increase the salaries of Kimberele Cobb and Nancy Taylor $385.00 per month, beginning March 1, 2011. Said salaries are to be paid out of the General Fund for Concordia Parish. Upon receipt of an invoice submitted by the Concordia Parish Police Jury, the Criminal Court Fund shall reimburse the General Fund for the specified salary increase effective March 1, 2011. Beginning with fiscal year 2012, the Concordia Parish Police Jury is directed to include these salary increases along with the court ordered annual increases in their regular budgetary provisions.
According to your opinion request, the Concordia Parish Police Jury is already operating with a deficit and does not have the funds to comply with this court *Page 2 
order. Therefore, you ask whether the judges had the authority to issue this order.
La.R.S. 13:961 addresses the appointment of court reporters in each judicial district. Section (E) sets forth the law governing the compensation of court reporters. La.R.S. 13:961 (E) provides:
 E. Each of the official court reporters provided for in Subsection A of this Section shall receive a monthly salary to be fixed and determined by the judge making the appointment. The salaries shall be paid out of the general fund of the parish or parishes comprising the judicial district for which the appointment is made. In districts which comprise more than one parish, the amount to be paid by each of the parishes comprising the district is to be in the proportion that the assessed value of each parish bears to the total assessed value of all the parishes comprising the district. The police jury of each parish shall budget the salary or the pro rata part of its share of the salary of the official court reporters in its budget of annual expenses. (Emphasis added).
La.R.S. 13:961 states that court reporters in each judicial district shall receive a salary that is "fixed and determined by the judge making the appointment." The statute further states that the salary "shall be paid out of the general fund of the parish or parishes comprising the judicial district for which the appointment is made." When interpreting the language of a Louisiana statute, "[t]he word "shall" is mandatory and the word "may" is permissive. La.R.S. 1:3. The wording of La R.S. 13:961(E) makes it clear that the judges who appoint the court reporters must fix their salaries and, once the salaries have been set by the judges, the police jury in the respective parish(es) must pay the salaries out of the general fund. Therefore, it is the opinion of this office that the judges of the Seventh Judicial District Court for the Parish of Concordia had the authority to enter an order requiring the Concordia Parish Police Jury to include funds in its 2012 budget for salary increases for two court reporters. However, in the event the police jury declines to include these funds in the budget, the judges may have to bring a mandamus action against the police jury.[1]
In McCain v. Grant Parish Police Jury,440 So. 2d 1369 (La. App. 3 Cir. 1983), the Third Circuit was faced with the a set of facts similar to those described in *Page 3 
your opinion request and the question of "whether a court, as an equal member of our governmental triumvirate, has the inherent power to compel a legislative body, another of the co-equal branches of government, to budget the reasonable necessary expenses incurred to provide the basic needs of an efficient, effective court. ."Id., 440 So. 2d at 1372. In McCain, a judge of the Thirty-Fifth Judicial District Court submitted to the Grant Parish Police Jury a proposed budget for his court. The budget request was only granted in part and, as a result, the judge began receiving past due notices for some of the bills of his office. Id.,440 So. 2d at 1370. The judge filed a mandamus action against the police jury "in an effort to secure funding sufficient to cover the costs of the reasonable and necessary basic needs of his court."Id. The Third Circuit "with no difficulty" found "that courts have the inherent power to compel the guardians of the public fisc . . . to budget adequate funds for the operation of the court to insure that the proper independence among our three co-equal branches of government be maintained." Id., 440 So. 2d at 1370.McCain makes it clear that "although the power of a court to incur, and compel the payment of, debts for services and supplies reasonably necessary for its efficient operation is inherent, such power is not unlimited." Id., 440 So. 2d at 1372. In his concurring opinion, Judge Domengeaux stated that, "[i]t should be made clear that the Grant Parish Police Jury's obligation . . . is limited to the district court's reasonable expenses over and above those which cannot be paid because of the insufficiencies of the Criminal Court Fund." Id., 440 So. 2d at 1373. Based onMcCain, it is our opinion that the police jury's duty to fund court reporters' salaries is limited by a standard of reasonableness. The determination of whether a particular salary increase is reasonable is a factual determination our office cannot make; rather, it must be made by the police jury on a case by case basis.
In conclusion, it is the opinion of this office that the judges of the Seventh Judicial District Court for the Parish of Concordia have the authority to enter an order requiring the Concordia Parish Police Jury to include funds in its 2012 budget for salary increases for two court reporters but the police jury's obligation to fund these salaries is limited by a standard of reasonableness.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By:
 Lindsey K. Hunter
 Assistant Attorney General
[1] With regard to whether a mandamus action is the proper procedural vehicle to get the police jury to pay the reasonable expenses of the district court, the Third Circuit noted inMcCain v. Grant Parish Police Jury,440 So. 2d 1369 (La. App. 3 Cir. 1983), that "[i]f the legislative branch, being the only branch of government with the ability to generate operating funds, refuses to provide the necessary money for the operation of the courts, the courts have only one avenue of relief available, i.e., a suit to force the fulfillment of a ministerial duty, mandamus. We hold that mandamus is the proper procedural device in a case such as this." McCain,440 So. 2d at 1373.