341 So.2d 879 (1977)
STATE of Louisiana
v.
Norris HENDERSON and Clarence Henderson.
No. 58312.
Supreme Court of Louisiana.
January 24, 1977.
*880 William J. O'Hara, III, Supervising Atty., New Orleans, David Foshee, Jack Hoffstadt, Student Practitioners, for defendantsrespondents.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joseph Meyer, Jr., Asst. Dist. Atty., for plaintiff-relator.
DENNIS, Justice.
On July 31, 1975, the Orleans Parish Grand Jury indicted defendants, Norris Henderson and Clarence Henderson, for the crime of second degree murder, a violation of La.R.S. 14:30.1. In a pre-trial motion, Norris Henderson, an indigent, sought compulsory process of several out-of-state witnesses and requested that the State assume the cost of their transportation. After making an in camera inspection of the evidence to be used against defendants and receiving substantial evidence that the desired witnesses would aid in the defense of Norris Henderson, the court granted his motion. Because of defendant's indigency and the indigency of the out-of-state witnesses, the court further ordered the district attorney for the Parish of Orleans to provide monies from the District Attorney's Fines and Forfeitures Fund for the transportation, lodging and meals of three defense witnesses. Upon application by the State, we granted writs to consider the propriety of the latter ruling.
The State does not contest defendant's right to secure the attendance of these witnesses at trial or to have the expenses of their appearance provided for him, La. Const.1974, Art. I, § 16, but it argues that the trial court did not requisition money from the correct source for this purpose. Our review of the applicable law brings us to a similar conclusion.
Louisiana Code of Criminal Procedure Articles 741-45 provide for obtaining witnesses from outside the State, but these articles do not say from which source the witness fees and travel expenses are to be paid. However, the legislative intent is clear that, with regard to indigent defendants, these provisions are to be read in pari materia with Articles 738 and 739 of the Louisiana Code of Criminal Procedure.
Louisiana Code of Criminal Procedure Article 738 provides:

*881 "At a trial or hearing, each defendant in a misdemeanor case shall be allowed to summon six witnesses at the expense of the parish, and in a felony case twelve witnesses. A defendant shall have the right of compulsory process for additional witnesses at his own expense." (Emphasis supplied.)
Louisiana Code of Criminal Procedure Article 739 provides:
"If a defendant is indigent and unable to pay for witnesses desired by him in addition to those summoned at the expense of the parish, he shall make a sworn application to the court for the additional witnesses. The application must allege that the testimony is relevant and material and not cumulative and that the defendant cannot safely go to trial without it.
"The court shall make a private inquiry into the facts, and if satisfied that the defendant is entitled to the privilege, it shall render an order permitting the defendant to subpoena additional witnesses at the expense of the parish. If the application is denied, the court shall state the reasons for the denial in writing, which shall become part of the record." (Emphasis supplied.)
If the court renders an order to obtain witnesses outside the state for an indigent defendant, these articles suggest that the expenses necessitated thereby shall be paid directly by the parish, and not from a criminal court fund or special account of the court, of which the parish may indirectly be the beneficiary. Furthermore, La.R.S. 15:304 specifically provides that "the pay of witnesses, jurors, and all expenses whatever attending criminal proceedings shall be paid by the respective parishes in which the offense charged may have been committed or by the City of New Orleans." (Emphasis supplied.)
Defendant argues, on the other hand, that these expenses should be paid from the special account of fines and forfeitures for defraying expenses of the criminal courts of Orleans Parish, in accordance with La.R.S. 15:571.11(D),[*] which provides:

*882 "All fines and forfeitures imposed in criminal cases and prosecutions by the courts of Orleans Parish shall, upon collection, be paid to the district attorney of Orleans Parish who shall deposit same in a special account to be used in defraying the expenses of the criminal courts of the parish, extraditions and such other expenses pertaining to the operation of the criminal courts of Orleans Parish and the office of the district attorney of Orleans Parish as in his discretion may be necessary. Provided, that any surplus remaining in said special account or fund on December 31st of each and every year shall be distributed as follows: one-half to be retained by the district attorney of Orleans Parish, to be used as hereinabove set forth, and the other half to be remitted to the city of New Orleans. No money shall be paid out of this fund except upon motion by the district attorney of Orleans Parish and approval by a judge of the criminal district court of Orleans Parish. A copy of said motion must be served on the budget officer of the city of New Orleans twenty-four hours prior to the approval thereof by the judge. Said fund shall be annually audited by the director of finance of the city of New Orleans."
In essence, this statute provides that payments out of the special account for defraying expenses of the criminal court shall be made upon approval of the district attorney and a judge of the Criminal District Court of Orleans Parish. The traveling expenses of out-of-state witnesses for indigent defendants logically fall within the class of expenses which the legislature intended may be paid with fines and forfeitures. Therefore, the defendant contends that neither the district attorney nor the court may arbitrarily withhold approval of these expenditures from the account.
We agree with defendant that neither agency of government may arbitrarily refuse to approve a proper expenditure from the special account. However, we do not understand the district attorney to claim untrammeled discretion over payments from the account. He merely urges that because the legislature has expressly provided for the payment of witnesses from another source, viz., the city of New Orleans, La.R.S. 15:304, such expenditures should be made therefrom, absent a showing that the source is insufficient or otherwise inaccessible. This does not mean that under different circumstances the district court would lack the power to require a particular agency or fund, or the State itself, to provide for payment of necessary expenses for the trial of indigent defendants. Cf. State v. Campbell, 324 So.2d 395 (La.1976). The court has full power, and more than one option, to enforce the indigent's right to compel the attendance of witnesses. But where the legislature has provided an adequate method, and there is no necessity shown for departure from it, the court must follow the statutory mandate.
Accordingly, the trial court's order is amended to provide that the City of New Orleans must bear the costs of lodging, transportation and meals for defendant's witnesses.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[*] The statute provides in its entirety:

"A. All fines and forfeitures imposed by district courts and district attorneys conviction fees in criminal cases and prosecutions, upon collection by the sheriff or executive officer of the court, shall be paid into the treasury of the parish in which the court is situated and deposited in a special `Criminal Court Fund' account, which, on motion by the district attorney and approval order of the district judge, may be used or paid out in defraying the expenses of the criminal courts of the parish as provided in R.S. 13:692 and 13:1587 and R.S. 16:6, in defraying the expenses of those courts in recording and transcribing of testimony, statements, charges and other proceedings in the trial of indigent persons charged with the commission of felonies, in defraying their expenses in the preparation of records in appeals in such cases, for all expenses and fees of the petit jury and grand jury, for witness fees, for attendance fees of the sheriff and clerk of court, for costs and expenses of a parish law library, for expenses and fees of attorneys appointed to represent indigent persons under any public defender program, and for other expenses related to the judges of the criminal courts and the office of the district attorney; provided, however, that the sheriffs throughout the state, the parish of Orleans excepted, shall retain twelve percent of the amount of fines collected or the amount of bonds forfeited to go into the sheriff's salary and expense fund in each parish; and further provided, however, that an additional six percent of the amount of fines collected and the amount of bonds forfeited shall be transmitted to the district attorney of the judicial district to be used by the district attorney in defraying such expenses of his office as in his discretion may be necessary.
"B. Notwithstanding the provisions of R.S. 13:692, R.S. 13:1587 and R.S. 16:6 and the other provisions of this section, a district judge of the State of Louisiana, except in the parishes of Calcasieu and Cameron, shall have the right to order the sheriff of the parish wherein his principal office is domiciled, to pay, on the voucher of that district judge alone, without the concurrence of the other judges of his district, and without motion of the district attorney, a salary for a secretary for that district judge's office, which amount shall be paid by the sheriff prior to depositing the fines and forfeitures into the treasury of the parish.
"C. One-half of any surplus remaining in said special account or fund on December 31st of each and every year shall be transferred to the parish general fund. No money shall be paid out of said special account except upon the order or warrant of the district judge and district attorney as above provided. Said fund shall be annually audited by the state supervisor of public funds or his deputies." (Paragraph "D" is set forth above).