Dear Mr. Adams:
Your request for an opinion of the Attorney General has been forwarded to me for research and disposition. This opinion is a further clarification of Opinion Number 87-244; the specific question to be answered herein being:
 May monies from the Criminal Court Fund collected pursuant to LSA-R.S. 15:571.11(A) be used to pay off-duty officers under the Local Agency Compensated Enforcement (LACE) detail?
The Criminal Court Fund is the creation of Title 15 Section 571.11 where it is provided that "[a]ll fines and forfeitures imposed by district courts and district attorneys conviction fees in criminal cases and prosecutions for violations of state law or parish ordinances, upon collection by the sheriff or executive officer of the court, shall be paid into the treasury of the parish in which the court is situated and deposited in a special `Criminal Court Fund' account. . . ."
Following an illustrative list of those expenses which are to be defrayed out of the Criminal Court Fund, the law provides an omnibus spending clause: ". . .and for other expenses related to the judges of the criminal courts and the office of the district attorney." Payment upon the special account is provided for in subsection C(1):
 "C.(1) * * * No money shall be paid out of the special account except upon the order or warrant of the district judge and district attorney as above provided."
The jurisprudence of this state has interpreted this law to prohibit the district court and the district attorney from refusing to concur in expenditures from this special account if the incurring of the debt is reasonable, necessary and proper. There is an inherent system of checks and balances in the mechanism calling for the concurrence of the district attorney and the district judge; this mechanism, though, is not an unbridled veto power but one of mutual agreement and dual decision making. Obviously, each district will have its own indigenous circumstances, therefore the decisions of the two offices must be viewed in light of those particular circumstances.
In State v. Henderson, 341 So.2d 879 (La. 1977), the Louisiana Supreme Court opined that neither the district attorney nor the court may arbitrarily refuse to approve proper expenditures from the special account of fines and forfeitures maintained for defraying expenses of the criminal courts of Orleans Parish. In McCain v. Grant Parish Police Jury,440 So.2d 1369 (La.App. 3rd Cir. 1983), though dealing with a collateral issue not directly on point, the court held that a district court could, by mandamus, require the parish police jury to budget funds necessary for the effective and efficient operation of the district court. In Henderson, as in McCain, the court recognized that authority over funds is not absolute but is guided by principles of cooperation and necessity.
The office of the Attorney general is not designed as a policy maker for local judicial districts. To assert such a policy-making role would be to usurp the decision-making authority of locally elected officials. Thus specific questions about the necessity, the reasonableness or propriety of a specific expenditure is not within the scope of this office's authority. Each governing authority must make an independent evaluation of their situation and make a decision based upon those facts, realizing that each expenditure related to the district attorney's office must be reasonable, necessary and proper.
As is stated in Opinion Number 87-244, law enforcement cannot reasonably be divided into separate and distinct entities; the three bodies [the court, the district attorney's office, and local law enforcement] must work together in order to effectuate a working criminal justice system. The Criminal Court Fund is not designed to thwart these goals but to aid them in all reasonable ways. The LACE program is one such program which has been authorized by the Legislature to give help to those places that need this type of assistance. The law which controls the Criminal Court Fund does not prohibit the use of its funds to be used in a program such as LACE — as long as this use is consistent with the general spirit of the law as it applies to a particular district with particular needs.
This is not to say that every expenditure which is not prohibited by statute can be paid for out of the Criminal Court Fund; but this is to say that absent a specific prohibition, the guiding principle is the concurrent judgment of the district court and the district attorney as to what, in light of all relevant facts, is a reasonable expense related to the office of the district attorney or the district court.
It is the opinion of this office, in light of the above law and jurisprudence, that the Criminal Court Fund as established by LSA-R.S. 15:571.11 may supply the source of funds needed to meet the expenses of the Local Agency Compensated Enforcement detail (in accordance with Procedural Order Number 325) upon the order or warrant of the district judge and district attorney.
I hope the foregoing has adequately answered your question. If you need further assistance on this or any other matter, please do not hesitate to contact this office again.
With kind regards, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: __________________________ RENE' I. SALOMON Assistant Attorney General
RS/jp