Dear Chief Ivory:
As the elected chief of police for the Town of Basile, you have asked this office to advise you whether the conclusions drawn in Attorney General Opinions 04-0166 and 03-0193 are applicable to your police department.
Both opinions referenced above addressed the legality of the implementation of LACE programs by the group participation of an elected chief of police, the city court judge and the prosecuting attorney. The acronym LACE stands for Local Agency Compensated Enforcement, where monies from the criminal court fund established by R.S. 15:571.11 are used to pay off-duty officers to provide law enforcement services.[1]
Our research reflects that no contrary statute, jurisprudence, or opinion from this office has issued since the release of Opinions 04-0166 and 03-0193. Thus, we continue to adhere to the conclusions drawn in these opinions and find the reasoning expressed therein applicable to your department.
Further attached please find copies of Attorney General Opinions 05-0243, 88-258, 87-244A and 87-244 which approve the use of criminal court funds to fund such LACE programs. Note also there is attached a sample LACE intergovernmental agreement which may prove instructive. *Page 2 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Yours very truly,
CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
BY:__________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 August 18, 2005 OPINION 05-0243
Honorable Romeo J. Hargrove, III
Chief of Police
P.O. Box 477
Ville Platte, LA 70586
FEES COSTS
R.S. 15:571.11
The criminal court fund monies authorized by R.S. 15:571.11(L) may be used to fund a local agency compensated enforcement detail where the chief of police, city judge, and prosecuting attorney agree to implement such a program.
Dear Chief Hargrove:
As elected chief of police of the City of Ville Platte, you have asked this office to advise you whether the similar conclusions drawn in Attorney General Opinions 04-0166 and 03-0193 are applicable to your police department.
Both opinions referenced above addressed the legality of the implementation of LACE programs by the group participation of an elected chief of police, the city court judge and the prosecuting attorney. The acronym LACE stands for Local Agency Compensated Enforcement, where monies from the criminal court fund established by R.S. 15:571.11 are used to pay off-duty officers to provide law enforcement services.[1]
Our research reflects that no contrary statute, jurisprudence, or opinion from this office has been issued since the release of Opinions 04-0166 and 03-0193. Thus, we continue to adhere to the conclusions drawn in these opinions and find the reasoning expressed therein applicable to your department. Further attached please find copies of Attorney General Opinions 88-258, 87-244A and 87-244 which approve the use of criminal court funds to fund such LACE programs. Note also there is attached a sample LACE intergovernmental agreement which may prove instructive. *Page 2 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Yours very truly,
CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY:__________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
 KLK:ams *Page 1 
 September 28, 1988 OPINION NUMBER 88-258
FEES AND COSTS. . . . 40A
Use of Criminal Court Funds to pay for expenses of METLEC. R.S.15:571.
John Baiamonte Jr., Ph.D.
1221 Elmwood Park Bd.
Harahan, La. 70123
John V. Baiamonte, Jr., Ph. D.
Program Director
METROPOLITAN DISTRICT LAW ENFORCEMENT PLANNING AND ACTION COMMISSION
1221 Elmwood Park Blvd., Suite 607
Harahan, Louisiana 70123
Dear Dr. Baiamonte:
We are in receipt of your recent opinion request. As I understand it, your question is:
 May district attorneys and district courts use proceeds from the Criminal Court Fund under R.S. 15:571.11
to contribute to the operating expenses of the Metropolitan District Law Enforcement Planning and Action Commission [METLEC]?
R.S. 15:571.11 regulates disbursements from the Criminal Court Fund. The statute provides in pertinent part:
 R.S. 15:571.11
 A.(1)(a) All fines and forfeitures imposed by district courts and district attorneys conviction fees in criminal cases and prosecutions for violations of state law or parish ordinances, upon collection by the sheriff or executive officer of the court, shall be paid into the treasury of the parish in which the court is situated and deposited in a special "Criminal Court Fund" account, which, on motion by the district attorney and approval order of the district *Page 2 
Previous Attorney General opinions have dealt with questions asking what expenditures from the Criminal Court Fund under R.S. 15:571.11 are permissible. This office has concurred with expenditures from the Fund for a broad range of items ranging from office furniture for the district judge's office (Attorney General Opinion Number 86-131) to radar equipment (Attorney General Opinion Number 85-319). Most relevant to this particular opinion, however, may be Attorney General Opinion Number 87-244-A, which approved of an expenditure from the Fund to pay off-duty officers under the Local Agency Compensated Enforcement (LACE) detail.
That opinion outlined the structure of and purposes behind the Fund. As set forth in the opinion, the statute provides an illustrative list of permissible expenditures, then provides an omnibus spending clause: "for other expenses related to the judges of the criminal courts and the office of the district attorney." The statute also provides the procedure by which expenditures be made, requiring that payments can be made only on motion by the district attorney and approval order by the district judge. *Page 3 
Since METLEC is not part of the illustrative list of proper expenditures, in order to receive disbursements from the Fund it must be an expense related to the judges of the criminal courts and the office of the district attorney. In determining whether disbursements from the Fund to METLEC would fall within the omnibus expense clause, it is necessary to look to policy underlying the statute and the purposes METLEC serves.
As stated in Opinion No. 87-244-A, law enforcement cannot reasonably be divided into separate and distinct entities; rather, they must work together in order to effectuate an efficient and effective criminal justice system. The Criminal Court Fund must therefore be interpreted in order to aid these goals in all reasonable ways. The use of Criminal Court Funds for METLEC may be authorized under the statute, as long as the use of those funds is consistent with the spirit of the law.
In determining whether the spirit and purpose of the policy underlying the Criminal Court Fund is furthered by providing funding to METLEC, it is helpful to look to the functions of the organization. METLEC, which is a regional office of the Louisiana Commission on Law Enforcement and Administration of Criminal Justice (LCLE), has as its basic purpose the development of projects, programs and related grant applications for submission to LCLE.
Examples of these projects, programs and grants vary from multi-agency drug task forces, including law enforcement agencies and district attorneys, to training grants in order to send judges to criminal justice seminars.
In light of these purposes, expenditures from the Criminal Court Fund may be made to METLEC as an expense related to the judges of the criminal courts and the office of the district attorney. However, the Office of the Attorney General is not designed as a policy maker for local judicial districts; therefore, each governing authority must make an independent evaluation of their situation and make a decision based on those facts. Thus, specific questions about the necessity, reasonableness or propriety of a specific expenditure to METLEC is not within the scope of this office's authority; rather, it is to be determined by the criminal court judges and district attorneys, realizing that such expenditure be reasonable, necessary and proper. *Page 4 
Accordingly, it is the opinion of this office that the Criminal Court Fund established by R.S. 15:571.11 may supply a source of funds to help meet expenses of the Metropolitan District Law Enforcement Planning and Action Commission upon motion of the district attorney and approval order of the district judge, or the order or warrant of the district judge and district attorney.
Sincerely,
RENE I. SALOMON Assistant Attorney General
 RIS/AD/clr *Page 1 
 OPINION NO. 87-244 June 11, 1987
Mr. E. Pete Adams
Executive Director
1645 Nicholson Drive
Baton Rouge, Louisiana 70802
DISTRICT PROSECUTING ATTORNEYS. . . 22
The District Attorney may use monies from his 12% discretionary fund (R.S. 15:571.11) to supplement the salaries of assistant district attorneys and fund the Local Agency Compensated Enforcement detail.
Dear Mr. Adams:
Your request for an opinion of the Attorney General has been forwarded to me for research and dispostion. As I perceive them, your questions are as follow:
 1) May monies from the 12% Criminal Court Fund disbursed to the office of the district attorney be used to supplement the salaries of assistant district attorneys?
 2) May this same fund be used to pay off-duty officers under the Local Agency Compensated Enforcement (LACE) detail?
Unlike other portions of the general Criminal Court Fund, that percentage disbursed to the office of the district attorney may be used by the district attorney in "defraying such expenses of his office as in his discretion may be necessary." Subsections A(l)(b) and (2) of LSA-R.S. 15:571.11 mandate the divison of the fines and forfeitures imposed by the district courts and district attorneys conviction fees:
 (b) The sheriffs throughout the state, the parish of Orleans excepted, shall retain twelve percent of the amount of fines collected or the amount of bonds forfeited to go into the shariff's general fund in each parish; and, an additional twelve percent of the amount of fines collected and the amount of bonds forfeited shall be transmitted to the district attorney of the judicial *Page 2 
district to be used by the district attorney in defraying such expenses of his office as in his discretion may be necessary.
 (2) All fines and forfeitures imposed by district courts and collected by the sheriff or executive officer of the court for violations of municipal ordinances shall be disbursed as follows:
 (a) Twelve percent thereof shall be remitted to the office of the district attorney;
 (b) Twelve percent shall be remitted to the sheriff's general fund; and
 (c) The remainder shall be transmitted to the municipality for deposit in its treasury.
As to question number one above, there can be very little doubt that supplemental pay for district attorneys and his assistants can be a necessary expense of that office. Opinion number 75-692 of this office has previously opined that the 12% fund (then only 6%) could be used by the district attorneys to defray the salaries of "special prosecutors." The district attorney, the opinion went on to proffer, is "bound by common sense and right reason in determing the uses to which the funds may be put." Opinion 75-692 p. 2-02.
Likewise Attorney General Opinion No. 75-1160 detailed the position that the General Criminal Court Fund could not be used to suplement the salaries of the district attorneys and his assistants, but that the 12% fund (then 6%) could be used, at the discretion of the district attorney, to achieve the same results. By negative implication, Opinion no. 75-1160 addresses the substance of your first question.
The portions of the Criminal Court Fund statute we are herein concerned with were enacted with the passage of Acts 1974, Number 238, which lifted the restriction that the fund designated for use by the district attorney be used in a non-capitol nature only. The broadening of the permissible uses of this fund by the legislature has, since the enactment of Act 238, been interpreted by this office to give the district attorney almost unlimited control — subject, of course, to common sense and reason.
As a discretionary fund, this office reaffirms its position that the legislature has given wide discretionary powers to the district attorney. As the state of affairs *Page 3 
dictates, the district attorney's offices have found themselves working closely with local law enforcement agencies. It is but a truism to state that the district attorney's office is dependant upon the proper functioning of local law enfocement in order to effectuate their own position in the administration of criminal justice.
In light of these realities, Attorney General Opinion No. 7-785 took the position that the district attorney may purchase a radar unit, for use by local law enforcement, from his 12% (then 6%) discretionary fund. The LACE program is as vital to the proper administration of criminal justice as is a radio unit. And, as such, the same discretionary fund should be available for the funding of such a detail if the district attorney so decides.
It is the opinion of this office, in light of the above reasoning, that the 12% discretionary fund disbursed to the district attorneys persuant to LSA-R.S. 15:571.11 may be used for supplementing the salaries of the assistant district attorneys and to fund the Local Agency Compensated Enforcement detail in accordance with Procedural Order Number 325.
I hope the foregoing has adequately answered your questions. If you need further assistance on this or any other matter, please do not hesitate to contact this office again,
With kind regards, I am
Sincerely,
WILLIAM J. GUSTE, JR. Attorney General
By: RENE' SALOMON Assistant Attorney General
 RS/jp/lm *Page 1 
 OPINION NO. 87-244-A June 24, 1987
Mr. E. Pete Adams
Executive Director
1645 Nicholson Drive
Baton Rouge, Louisiana 70802
FINES, FORFEITURES PENALTIES. . 4
The Criminal Court Fund (LSA-R.S. 571.11(A)) may be the source of funds for the Local Agency Compensated Enforcement (LACE) detail.
Dear Mr. Adams:
Your request for an opinion of the Attorney General has been forwarded to me for research and disposition. This opinion is a further clarification of Opinion Number 87-244; the specific question to be answered herein being:
 May monies from the Criminal Court Fund collected pursuant to LSA-R.S. 15:571.11(A) be used to pay off-duty officers under the Local Agency Compensated Enforcement (LACE) detail?
The Criminal Court Fund is the creation of Title 15 Section 571.11 where it is provided that "[a]ll fines and forfeitures imposed by district courts and district attorneys conviction fees in criminal cases and prosecutions for violations of state law or parish ordinances, upon collection by the sheriff or executive officer of the court, shall be paid into the treasury of the parish in which the court is situated and deposited in a special `Criminal Court Fund' account. . . . "
Following an illustrative list of those expenses which are to be defrayed out of the Criminal Court Fund, the law provides an omnibus spending clause: ". . . and for other expenses related to the judges of the criminal courts and the office of the district attorney." Payment upon the special account is provided for in subsection C(1):
 "C.(1) * * * No money shall be paid out of the special account except upon the order or warrant of the district judge and district attorney as above provided."
The jurisprudence of this state has interpreted this law to prohibit the district court and the district attorney *Page 2 
from refusing to concur in expenditures from this special account if the incurring of the debt is reasonable, necessary and proper. There is an Inherent system of checks and balances in the mechanism calling for the concurrence of the district attorney and the district judge; this mechanism, though, is not an unbridled veto power but one of mutual agreement and dual decision making. Obviously, each district will have its own indigenous circumstances, therefore the decisions of the two offices must be viewed in light of those particular circumstances.
In State v. Henderson, 341 So.2d 879 (La. 1977), the Louisiana Supreme Court opined that neither the district attorney nor the court may arbitrarily refuse to approve proper expenditures from the special account of fines and forfeitures maintained for defraying expenses of the criminal courts of Orleans Parish. In McCain v. Grant Parish PoliceJury, 440 So.2d 1369 (La.App. 3rd Cir. 1983), though dealing with a collateral issue not directly on point, the court held that a district court could, by mandamus, require the parish police jury to budget funds necessary for the effective and efficient operation of the district court. In Henderson, as in McCain, the court recognized that authority over funds is not absolute but is guided by principles of cooperation and necessity.
The office of the Attorney General is not designed as a policy maker for local judicial districts. To assert such a policy-making role would be to usurp the decision-making authority of locally elected officials. Thus specific questions about the necessity, the reasonableness or propriety of a specific expenditure is not within the scope of this office's authority. Each governing authority must make an independent evaluation of their situation and make a decision based upon those facts, realizing that each expenditure related to the district attorney's office must be reasonable, necessary and proper.
As is stated in Opinion Number 87-244, law enforcement cannot reasonably be divided into seperate and distinct entities; the three bodies [the court, the district attorney's office, and local law enforcement] must work together in order to effectuate a working criminal justice system. The Criminal Court Fund is not designed to thwart these goals but to aid them in all reasonable ways. The LACE program is one such program which has been authorized by the legislature to give help to those places that need this type of assistance. The law which controls the Criminal Court Fund does not prohibit the use of its funds to be used in a program such as LACE — as long as this use is consistent with the general spirit of the law as it applies to a particular district with particular needs.
This is not to say that every expenditure which is not prohibited by statute can be paid for out of the Criminal Court Fund; but this is to say that absent a specific prohibition, *Page 3 
the guiding principle is the concurrent judgment of the district court and the district attorney as to what, in light of all relevant facts, is a reasonable expense related to the office of the district attorney or the district court.
It is the opinion of this office, in light of the above law and jurisprudence, that the Criminal Court Fund as established by LSA-R.S.15:571.11 may supply the source of funds needed to meet the expenses of the Local Agency Compensated Enforcement detail (in accordance with Procedural Order Number 325) upon the order or warrant of the district judge and district attorney.
I hope the foregoing has adequately answered your question. If you need further assistance on this or any other matter, please do not hesitate to contact this office again.
With kind regards, I am
Sincerely,
WILLIAM J. GUSTE, JR. Attorney General
By: RENE' I. SALOMON Assistant Attorney General
 RS/jp *Page 1 
 INTERGOVERNMENTAL AGREEMENT WEBSTER PARISH
This intergovernmental agreement is entered into by and between: Webster Parish Sheriff Office represented herein by Larkin Ted Riser and the Office of the District Attorney, 26th Judicial District of Louisiana, represented herein by Schuyler Marvin. District Attorney.
The parties to this agreement acknowledge that there has been a reduction of manpower in the Webster Parish Sheriff Office occasioned by the decline in revenues experienced by the State of Louisiana, which in turn has resulted in a reduction of enforcement man hours available to adequately police and patrol the highways of this state and parish and to therefore adequately curtail vehicular accidents through traffic violation apprehensions. In the interest of public safety, and inorder to provide sufficient police personnel necessary to properly patrol the roads and highways of this state, the parties agree to establish a Local Agency Compensated Enforcement (LACE) detail. *Page 2 
In order to accomplish the foregoing purpose, the Webster Parish Sheriff Office, through Larkin Ted Riser will provide off-duty police officers, who are properly commissioned and qualified to work this detail. The detail will perform all of the duties normally performed by police officers, and will at all time remain under the direct authority and supervision of the Webster Parish Sheriff Office or his designee.
The detail shall specifically patrol areas of the Parish in the afore mentioned Judicial District, which have a history of high accident rates, and high noncompliance with traffic laws and regulation of the State of Louisiana, as determined by the Webster Parish Sheriff. At no time shall a specific number of citations be required of an office assigned to perform said service.
Funding for this detail shall be provided by the District Attorney, and participation shall be permitted for all ranks of officers up to and including Webster Parish Sheriff. Each officer who performs service for the detail shall be compensated at the rate of $20.00 per hour forofficers and $550.00 per week for supervisors. In order to offset expenditures such as vehicles and gasoline incurred for use of Webster Parish Sheriff Office equipment, compensation shall also be made to the Webster Parish Sheriff Office at the rate of $10.00 per hour patrolled on each detail per unit including travel to and from the detail or *Page 3 
otherwise in conjunction with the detail. The Sheriff or his designee shall total the mileage and submit for payment to the respective District Attorney on or about the end of each month.
The Sheriff or his designee shall calculate the total number of hours of such service performed and shall submit the total number of such hours per person to the District Attorney. Payments due at the rate set forth above under this agreement shall be tendered by the District Attorney within 10 days. The Webster Parish Sheriff Office shall provide all equipment, uniforms, vehicles and gasoline required in order to carry out the intent and purpose of this agreement except that funding which is specifically set forth above. The selection of officers and the assignment of said officers shall at all time and under all circumstances be the prerogative of the Sheriff or his designated assistants. The funding by the District Attorney, as set forth herein, shall in no way be construed as a contract of employment between the District Attorney and individual officers, it being understood that at all time during the term of this Agreement the individual officer comprising said detail, shall be and remain employees of the Webster Parish Sheriff Office subject to all of the laws rules and regulations, supervision, discipline and authority of the Webster Parish Sheriff Office. *Page 4 
The Webster Parish Sheriff Office do by these presents hold the Office of the District Attorney harmless from any and all claims for damage to persons or property of any kind whatsoever, including death, which may occur as a result of service performed by members of this detail to this agreement including reasonable attorney's fees, it being the intent of the parties to maintain, between the District Attorney and Webster Parish Sheriff Office, the same legal status under and pursuant to this agreement as exists without this agreement.
This agreement revokes all prior Lace Intergovernmental Agreements between the parties. This agreement may be revoked by either of the parties by tendering written notice to the other party twenty-four hours prior to the effective date of revocation at the address shown in this agreement.
This done and signed on this ______ day of __________________, 2003.
District Attorney of the 26th Judicial District of Louisiana
By ______________________________ District Attorney
[1] R.S. 15:571.11(L)(3) provides, pertinently:
 (3) City and municipal courts. In all city and municipal courts throughout the state of Louisiana, except in municipal and traffic courts in the city of New Orleans, where the prosecuting attorney collects on a judgment of bond forfeiture, the proceeds shall be distributed as follows:
 (a) Twenty-five percent of all funds collected by the prosecuting attorney shall be paid to the general operating account of the prosecuting attorney for the political subdivision where the bond was posted.
 (b) Twenty-five percent of all funds collected by the prosecuting attorney shall be paid to the judicial court fund of the court issuing the judgment of bond forfeiture.
 (c)Twenty-five percent of all funds collected by the prosecuting attorney shall be paid to the law enforcement agency of the political subdivision responsible for executing orders of the court where the judgment was rendered.
[1] R.S. 15:571.11(L)(3) provides, pertinently:
 (3) City and municipal courts. In all city and municipal courts throughout the state of Louisiana, except in municipal and traffic courts in the city of New Orleans, where the prosecuting attorney collects on a judgment of bond forfeiture, the proceeds shall be distributed as follows:
 (a) Twenty-five percent of all funds collected by the prosecuting attorney shall be paid to the general operating account of the prosecuting attorney for the political subdivision where the bond was posted.
 (b) Twenty-five percent of all funds collected by the prosecuting attorney shall be paid to the judicial court fund of the court issuing the judgment of bond forfeiture.
 (c) Twenty-five percent of all funds collected by the prosecuting attorney shall be paid to the law enforcement agency of the political subdivision responsible for executing orders of the court where the judgment was rendered.